Ronald TIBBETTS et al.

v.

Wilfred PELOTTE.

Supreme Judicial Court of Maine.

Argued March 6, 1981.
Decided April 6, 1981.

Cratty & Cratty, Bernard R. Cratty (orally), Waterville, for plaintiffs.

Levine, Bishop & Levine, Ronald L. Bishop (orally), Waterville, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and CARTER, JJ.

McKUSICK, Chief Justice.

By this action, which they commenced in District Court (Waterville), plaintiffs Ronald and Joan Tibbetts seek damages for an alleged breach of warranty in a conveyance to them by defendant Wilfred Pelotte. Concluding that plaintiffs had no claim for breach of warranty until the deed on which they were suing was reformed to correct an alleged error occasioned by mutual mistake, the District Court judge, following a full hearing on the merits, dismissed the complaint since reformation of the deed is an equitable remedy, lying beyond the jurisdiction of the District Court. Purportedly entered under M.R.Civ.P. 12(b)(6),[1] the dismissal was without prejudice. The Superior Court (Kennebec County) affirmed the District Court's dismissal, and plaintiffs now appeal to the Law Court. We deny the appeal.

Defendant had conveyed the real estate in question to plaintiffs by a warranty deed containing the following description:

A certain lot or parcel of land situate in Winslow, County of Kennebec and State of Maine, more particularly bounded and described as follows, to wit:—

Bounded southerly by land, formerly owned by Harrison Quimby and Howard Wilson; easterly by the Harrison Quimby Road, so-called; westerly by Bog Brook, so-called and northerly by land formerly owned or occupied by Henry Lord and J. A. Palmer, containing thirty-five (35) acres, more or less.

The District Court judge found that, prior to the transaction, the parties had walked the boundaries of a lot about 60 acres in size and that both defendant and plaintiffs intended that title to the lot so identified should be transferred. The District Court judge further found that the parties entered into their purchase and sale transaction while operating under a mutual mistake of fact; that mutual mistake related to the location of the Lord-Palmer land that marked the northerly bound of the lot described in the deed.[2]

Sometime after Mr. and Mrs. Tibbetts entered into possession of the property, the

---

1. It is apparent from the reasons given by the District Court judge for his action that the dismissal was for want of subject matter jurisdiction. Such a dismissal is governed by M.R. Civ.P. 12(b)(1), incorporated by D.C.Civ.R. 12.

The judge's inadvertent reference to Rule 12(b)(6) does not affect the correctness of his dismissal or of his reason therefor.

2. See n. 4 below.

adjacent landowner to the north informed them that he claimed to own about 25 acres out of the northerly portion of the tract plaintiffs and defendant both intended to be sold to plaintiffs. In ensuing litigation, the neighbor successfully maintained his claim. Mr. and Mrs. Tibbetts thereupon brought the present action seeking damages from their grantor, defendant Pelotte.

The Tibbetts' complaint in the case at bar alleged a "failure of title as guaranteed in [the] warranty deed." That deed, however, exactly described the lot Mr. and Mrs. Tibbetts were left with following the neighbor's suit against them, even down to the recitation of the acreage contained in the lot. Obviously, they in no event have any breach of warranty claim for damages against their grantor, Mr. Pelotte, unless and until his deed to them is reformed to describe the larger lot with the northern boundary that grantor and grantees alike had apparently intended the deed to describe. Reformation of a deed is an equitable remedy. *See Sargent v. Coolidge*, Me., 399 A.2d 1333, 1345 (1979). Thus, as an indispensable foundation for their legal claim for damages, which standing by itself fell within the District Court's jurisdiction if it did not exceed $20,000, plaintiffs must have first obtained a form of relief that only a court of equity might grant.[3] The District Court has no general equity power. *See* 4 M.R.S.A. § 152 (Supp. 1980). None of the specific, limited grants of equity jurisdiction given the District Court, such as jurisdiction for quieting title or foreclosing mortgages, *see id.*, empower that court to reform a written instrument to match the

parties' intent. The District Court correctly dismissed the Tibbetts' breach of warranty action on the ground that it lacked jurisdiction to grant the relief requested.[4] The parties, by fully trying the case before the District Court on the merits, cannot confer equity jurisdiction upon that tribunal by consent or acquiescence. *See Fletcher v. Feeney*, Me., 400 A.2d 1084, 1089 (1979).

The entry must be:

Appeal denied.

Judgment of the Superior Court, which affirmed the District Court's dismissal for want of jurisdiction, affirmed.

All concurring.

---

3. Although the complaint did not set forth a demand for reformation of the deed, the issue was tried in the District Court by implied consent of the parties. The results of the trial are therefore unaffected by the failure to amend the pleadings. M.R.Civ.P. 15(b); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.5 at 304 (2d ed. 1970). Following the full trial before the District Court, the case was in the same posture as it would have been in if the complaint had from the start sought reformation of the deed and then damages for breach of the warranty contained in the deed as so reformed.

4. The correctness of the District Court's dismissal of this action because it lacked jurisdiction to reform the Pelotte-to-Tibbetts deed does not depend at all upon the District Court's factual findings of mutual mistake. The District Court simply had no jurisdiction to undertake the task of making that determination. Being unnecessary to its jurisdictional decision, the District Court's factual determination of mutual mistake would have no preclusive effect in any subsequent equitable proceeding for reformation of the deed. *See Restatement (Second) of Judgments* § 68, Comment *h* (Tent. Draft No. 4, 1977); *Hossler v. Barry*, Me., 403 A.2d 762, 767 (1979).