MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2014 ME 113
Docket:       Han-13-589
Argued:       September 10, 2014
Decided:      October 7, 2014

Panel:        ALEXANDER, and SILVER, MEAD, GORMAN, JABAR, and HJELM, JJ.

# U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES 2006-AC2

v.

# CHARLES ADAMS et al.

GORMAN, J.

[¶1]  U.S. Bank National Association as Trustee for Bear Stearns Asset Backed Securities 2006-AC2 appeals from a judgment of the Superior Court (Hancock County, *A. Murray, J.)* denying it an equitable lien on Charles Adams's portion of a property that he owns jointly with Dorothy Adams in Dedham. Because we conclude that the statute of limitations bars U.S. Bank's claim, we vacate the judgment and remand for entry of dismissal.

[¶2]  In 2004, Charles Adams conveyed a portion of his parcel in Dedham to himself and his sister, Dorothy Adams, as joint tenants.  On December 14, 2005, Dorothy executed a promissory note in the amount of $2,324,400 to American Brokers Conduit (ABC) and conveyed a mortgage on her interest in the property as security on the note.  Although Charles was present at the closing, he did not sign

2

the contested note and mortgage, and he expressed to the mortgage broker his refusal to be bound by their terms. Neither document makes any reference to Charles. In early 2008, Dorothy defaulted on the loan.

[¶3] On May 14, 2012, U.S. Bank[1] filed a complaint against Charles seeking to place an equitable lien on Charles's interest in the property. U.S. Bank asserted that Charles had received a benefit as a result of his sister's decision to use the proceeds from the ABC loan to pay off an earlier loan for which she and Charles were jointly liable. In his answer and at trial, Charles asserted that the action was barred by the applicable statute of limitations. After a jury-waived trial, the court entered a judgment on the merits on November 1, 2013, in favor of Charles, concluding that U.S. Bank was not entitled to an equitable lien on Charles's interest in the property. U.S. Bank timely appeals from the court's denial of U.S. Bank's motion for reconsideration.

[¶4] Pursuant to 14 M.R.S. § 752 (2013) all civil actions, including equitable claims, must be commenced within six years after the cause of action

---

[1] U.S. Bank purports to have standing pursuant to a series of assignments from Mortgage Electronic Registration Systems, Inc. (MERS), as the lender's nominee for recordation. We recently clarified in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 8-9, 12 & n.9, 96 A.3d 700, that standing to foreclose requires ownership of the mortgage. Although the standing requirements of the foreclosure statute do not apply to equitable lien cases, all plaintiffs must show standing to sue "no matter the causes of action asserted." *See id*. ¶ 7. Nevertheless, the trial court did not evaluate whether U.S. Bank had standing to challenge Charles, and there is a sufficient basis for us to remand for dismissal on other grounds. *See infra* ¶ 5.

accrues, unless another more particularized statute applies.[2] *Me. Mun. Emps. Health Trust v. Maloney*, 2004 ME 51, ¶ 11, 846 A.2d 336. We have previously held that section 752 applies to unjust enrichment claims. *See In re Estate of Miller,* 2008 ME 176, ¶¶ 28-30, 960 A.2d 1140. The parties agree that the equitable lien claim was based on U.S. Bank's underlying unjust enrichment claim.

[¶5] This unjust enrichment claim accrued in December of 2005, the date on which Dorothy signed the contested note and mortgage to ABC, using some of the proceeds to pay off the earlier mortgage on the property she and her brother own. The complaint was not filed until May 14, 2012, which was more than six years later. Thus, the action should have been dismissed pursuant to section 752. *See Dowling v. Salewski*, 2007 ME 78, ¶ 18, 926 A.2d 193 (vacating a judgment on the merits and remanding because the underlying claim was time-barred by the statute of limitations).

The entry is:

> Judgment vacated and remanded for entry of dismissal.

---

[2] U.S. Bank argues that its equitable claims are based on the note and mortgage, which are subject to a statute of limitation pursuant to 14 M.R.S. § 751 (2013) (providing that personal actions on, inter alia, "the bills, notes, or other evidences of debt issued by a bank" must be commenced within twenty years after the cause of action accrues) and/or 11 M.R.S. § 3-1118 (2013) (providing, inter alia, a six-year statute of limitation from the accelerated due date on actions "to enforce the obligation of a party to pay a note"). Neither of these statutes of limitation applies here because U.S. Bank's cause of action involves an equitable claim against *Charles's* ownership interest in the Dedham property and is not an action to enforce the contested note.

**On the briefs and at oral argument:**

Bradley M. Lown, Esq., Coughlin, Rainboth, Murphy & Lown, P.A., Portsmouth, New Hampshire, for appellant U.S. Bank National Association

Thomas A. Cox, Esq., Portland, for appellees Charles and Dorothy Adams

Hancock County Superior Court docket number CV-2012-32
FOR CLERK REFERENCE ONLY