STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-172

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK,
AS TRUSTEE (CWALT 2005-07CB),

Plaintiff,

v.

ORDER

FIRST MAGNUS FINANCIAL CORP.

Defendant,

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and CITIBANK FEDERAL
SAVINGS BANK,

Parties-in-interest.

## I.    Background

Plaintiff Bank of New York Mellon f/k/a the Bank of New York, as Trustee (CWALT 2005-07CB) ("the Bank") brings this action against First Magnus Financial Corporation ("First Magnus") in an apparent attempt to solve a *Greenleaf* problem. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. First Magnus originated the mortgage loan at issue, with Mortgage Electronic Registration Systems ("MERS") acting as nominee—a fated transaction that would appear to leave the plaintiff unable to prove a sufficient ownership interest in the mortgage to have standing to foreclose absent an

1

assignment from the original lender. *See id.* In order to remedy this defect, the Bank, as note holder, seeks a declaratory judgment declaring that plaintiff has an ownership interest in the mortgage. The Bank seeks to default the presumably defunct First Magnus.

Before the court is a motion for quiet title and partial declaratory default judgment and judgment on the pleadings. For the reasons stated below, plaintiff's motion is denied.

## II. Discussion

### A. Equitable Solutions to a *Greenleaf* Problem

The overarching issue presented is whether the plaintiff can overcome a MERS defect through a declaratory judgment action to confirm the validity of a mortgage assignment[1] to a note holder largely on the basis the note holder has an equitable interest in the mortgage. In support of this theory of equitable right in the mortgage that can be confirmed at law by a declaratory judgment in its favor, the Bank relies upon *Jordon v. Cheney*, 74 ME 359, 361 (Me. 1883):

> One who takes a mortgagee's title holds it in trust for the owner of the debt to secure which the mortgage was given. If a mortgage is given to secure negotiable promissory notes, and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes. To secure this result it is not necessary that there should be any recorded transfer of the notes or mortgage. Nor is an assignment of the mortgage necessary.

In an article in the Maine Bar Journal, the authors place the quote from *Jordon* in context by quoting the following from the same case:

> True, [the note holder] did not take a written assignment of the mortgage. Such an assignment was not necessary. His title in equity was complete without it. *At law his title would be defective for the reason that our*

---

[1] The Bank cites 33 M.R.S. § 508 for the proposition that the Maine legislature recognizes MERS's presumption of authority to assign all interests in a mortgage to a successor in interest. That section, however, applies to assignments subject to a final foreclosure judgment. *See Tamir v. United States*, No. 2:15-CV-333-DBH, 2016 U.S. Dist. LEXIS 7748, at *3 (D. Me. Jan. 22, 2016). The statute does not apply here.

2

*statutes declare that no interest in lands can be transferred except by deed.*

Thomas A. Cox & L. Scott Gould, *In Defense of Greenleaf: A Response to Standing to Foreclose*, 30 Me. B.J. 18, 20 (2015) (quoting *Jordon*, 74 ME at 362) (emphasis added). Without a written assignment of the mortgage, under *Jordon*, the lender cannot satisfy the statute of frauds to prove a legally recognized interest in the mortgage to have standing and thus cannot foreclose. *See id.* Yet the authors leave open the possibility that the relief the Bank seeks here can overcome the predicament that First Magnus—the original mortgagee that assigned to MERS—is no longer in business. *Id.* at 21 ("Declaratory judgments and quiet title actions might also overcome problems of proof when mortgage assignors have gone out of business.")

The Law Court has not yet weighed in on the propriety of this approach. Almost all of the recent foreclosure decisions have concerned whether in actions where the entity lacks standing, the complaint should be dismissed with or without prejudice. *See, e.g.*, *U.S. Bank N.A. v. Curit*, 2016 ME 17, __ A.3d __.

Other jurisdictions seem to allow note holders to seek the relief sought here. For example, the Massachusetts Supreme Judicial Court has recognized a procedure for a note holder to obtain an "equitable assignment" of the mortgage. *See, e.g.*, *Eaton v. Fannie Mae*, 969 N.E.2d 1118, 1125 (Mass. 2012) ("Under our common law, where a mortgage and note are separated, 'the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment.'") (citation omitted).

3

The "equitable assignment" derives from the common law equitable interest held by note holders in the underlying security obligation created by the mortgage. *Jackson v. Mortg. Elec. Registration Sys.*, 770 N.W.2d 487, 497 (Minn. 2009) ("We have held that, absent an agreement to the contrary, an assignment of the promissory note operates as an equitable assignment of the underlying security instrument."); *U.S. Bank N.A. v. Marcino*, 908 N.E.2d 1032, 1038 (Ohio App. 2009) ("Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.")

Maine law recognizes the equitable interest concept, but rejects the notion that note ownership is sufficient without a mortgage assignment to foreclose under the foreclosure statute. *See Greenleaf*, 2014 ME 89, ¶ 22 n.13, 96 A.3d 700 ("Standing requires that the plaintiff have a minimum legal interest in both the note and mortgage to seek a foreclosure, including ownership of the mortgage."); *Averill v. Cone*, 129 Me. 9, 12, 149 A. 297, 299 (1930) ("The mortgage notes were not assigned with the mortgage. The result in equity is that the legal title passed to the assignee but in naked trust for the owner of the mortgage debt.")

Whether a judgment that defaults the purported mortgage owner is adequate for the note holder to have standing to foreclose is unclear. *See United States Bank Nat'l Ass'n v. Adams*, 2014 ME 113, ¶ 3 n.1, 102 A.3d 774 ("Although the standing requirements of the foreclosure statute do not apply to equitable lien cases, all plaintiffs must show standing to sue 'no matter the causes of action asserted.'") The court declines to grant plaintiff a default judgment at this stage, but will consider plaintiff's motion for judgment on the pleadings.

4

## B. Judgment on the Pleadings

Rule 12(c) states "After the pleadings are closed but within such time as not to delay the trial, *any party* may move for judgment on the pleadings." M.R. Civ. P. 12(c)(emphasis added). To the extent the Bank moves under 12(c), in order to obtain a judgment, the court would have to convert the motion into one for summary judgment:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

M.R. Civ. P. 12(c).

The Bank submitted a copy of the note, mortgage, and assignments. (Ex. A-E.) There is no separate statement of material facts supported by affidavits based on personal knowledge or other evidence that would, taken together, entitle plaintiff to summary judgment. *See, e.g., Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 6, 25 A.3d 96; *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶¶ 23-25, 2 A.3d 289; *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. In light of the strict summary judgment practices applicable to mortgage foreclosure actions, the plaintiff *must affirmatively show* entitlement to the relief sought. *See Petit v. Lumb*, 2014 ME 117, ¶ 8 n.2, 103 A.3d 205 (noting where a mortgagee moves for summary judgment in foreclosure, a deficient opposition does not necessarily entitle the mortgagee to judgment; all requirements of Rule 56 must still be met). The Bank has not done so and therefore the motion will be denied.

## III.    Conclusion and Order

Even assuming a judgment against First Magnus would effectuate the Bank's objective in bringing this action, plaintiff has not at this stage made an adequate showing.

The entry shall be:

The plaintiff's motion is DENIED.

SO ORDERED.

DATE: July 5, 2016

_____

John O'Neil, Jr.
Justice, Superior Court

6