STATE OF MAINE                              SUPERIOR COURT
YORK, ss.                                   Civil Action
                                            Docket No. RE-16-0054


BANK OF NEW YORK MELLON,
As Trustee for Certificate holders
CWALT, Inc., Alternative Loan
Trust 2006-6CB Mortgage Pass-
Through Certificates, Series
2006-6CB,

                    Plaintiff,

        v.
                                            MEMORANDUM OF DECISION
                                            AND ORDER ON CROSS-MOTIONS
BOBBIE WINFRED KING and ROGER               FOR SUMMARY JUDGMENT
GUY COLLOPY, personally and in their
capacity of Trustee of the ROBERT &
JUNE COLLOPY FAMILY TRUST,

                    Defendants,

        and

Mortgage Electronic Registration
Systems, Inc., as nominee for
Countrywide Home Loans, Inc.,

                    Party-in-Interest.

        Plaintiff Bank of New York Mellon ("BNY Mellon"), as Trustee for Certificate

holders CWALT, Inc., Alternative Loan Trust 2006-6CB Mortgage Pass-Through

Certificates, Series 2006-6CB, filed a three-count complaint seeking reformation of the

property description in a deed (Count I) and mortgage (Count II) and then to foreclose

on said property (Count III).  Plaintiff has moved for summary judgment on all counts.

1

Defendant Bobbie Winfred King[1] opposes the motion and has cross-moved for summary judgment with respect to the reformation counts. For the reasons set out below, summary judgment for defendant is granted as to Counts I and II; and plaintiff's request for summary judgment on Count III is denied.

## I. Background

The case involves two parcels of real property located in York, Maine. In November 1960 June R. Collopy ("June") acquired a parcel of land consisting of about eight acres located on the westerly side of Route One in York (the "Original Parcel"). (P.S.M.F. ¶ 1.) In 1978 June conveyed a one hundred-foot by two hundred-foot portion of the Original Parcel to herself and her husband, Robert L. Collopy ("Robert"). (P.S.M.F. ¶ 2.) For purposes of this order, this smaller parcel is hereinafter referred to as the "Restaurant Parcel." In 2004, June and Robert conveyed the Restaurant Parcel to themselves as trustees of the Robert and June Collopy Family Trust (the "Trust"). (P.S.M.F. ¶ 3.) June simultaneously transferred the remaining, larger portion of the Original Parcel to the Trust (P.S.M.F. ¶ 4.) This larger parcel is hereinafter referred to as the "House Parcel."

The Trust subsequently conveyed property to Robert by a deed dated January 17, 2006 and recorded in Book 14746, Page 658 in the York County Registry of Deeds (the "Deed"). (P.S.M.F. ¶ 5.) On January 24, 2006, Robert executed and delivered a promissory note in the amount of $256,000.00 (the "Note") to Countrywide Home Loans, Inc. ("Countrywide"). (P.S.M.F. ¶ 7.) BNY Mellon is the current holder of the Note. (P.S.M.F. ¶ 8.) Robert also executed a mortgage (the "Mortgage") to party-in-interest

---

[1] Defendant Roger Guy Collopy has not appeared in this action. A default was entered against him on May 30, 2017. Plaintiff's motion for entry of a default judgment, however, was denied on June 29, 2017.

2

Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide concurrently with the Note as security.[2] (P.S.M.F. ¶ 9.)

Both the Deed and Mortgage use the identical property description, which appears to describe the Restaurant Parcel and not the House Parcel. (P.S.M.F. ¶ 11.) The Mortgage states, however, that it encumbers 1392 U.S. Route One—the address of the House Parcel. (P.S.M.F. ¶ 10.) The Mortgage includes a promise that the borrower, Robert, would reside in the subject premises as his primary residence. (P.S.M.F. ¶ 37.) The appraisal for the loan was performed on the House Parcel. (P.S.M.F. ¶ 38.) The application signed by Robert states that the "Subject Property" of the loan is 1392 U.S. Route One, York, ME, which is the address of the House Parcel. (P.S.M.F. ¶ 39.)

Bank of America was a prior servicer of the Note. (P.S.M.F. ¶ 14.) For a period of time that Bank of America serviced the Note, payments were current until October 2009. (P.S.M.F. ¶¶ 15-17.) Bank of America received a regular payment on November 16, 2009 and applied the payment to the balance due from the previous month. (P.S.M.F. ¶ 18.) The Note went into default beginning with the payment due on November 1, 2009. (P.S.M.F. ¶ 19.) Since then, neither Bank of America nor any of its servicers have received further payments. (P.S.M.F. ¶ 20, 23-25.)[3]

On December 21, 2015, a notice of the mortgagor's right to cure was issued to the Trust on behalf of BNY Mellon. (P.S.M.F. ¶ 26; Pl.'s Ex. 7.) Plaintiff states that, as of October 31, 2017, the balance remaining on the Note included: (1) an outstanding principal balance of $243,492.30 (P.S.M.F. ¶ 27); accrued interest in the amount of

---

[2] MERS was listed as a party-in-interest because a second mortgage in favor of MERS as nominee for Countrywide, dated January 24, 2006, is recorded in Book 14746, Page 678 of the York County Registry of Deeds. (P.S.M.F. ¶ 33.)

[3] Bank of America transferred servicing of the Note to Select Portfolio Servicing, Inc. ("SPS") effective November 16, 2012. (P.S.M.F. ¶ 21.) SPS transferred servicing of the Note to Bayview Loan Servicing effective December 1, 2016. (P.S.M.F. ¶ 24.)

$118,076.95 (P.S.M.F. ¶ 28); $14,444.74 in outstanding real estate taxes (P.S.M.F. ¶ 29); and insurance owed in the amount of $8,601.34 (P.S.M.F. ¶ 30)—all totaling $384,615.33 (P.S.M.F. ¶ 31). As of November 3, 2017, legal fees in the amount of $11,408.00 and $918.74 in costs also remained unpaid on the Note. (P.S.M.F. ¶ 32.)

On July 17, 2010, MERS assigned the Mortgage to BNY Mellon. (P.S.M.F. ¶ 12.) Countrywide confirmed that it intended for MERS to have the right to make the assignment via a ratification dated October 14, 2015 and recorded in the York County Registry of Deeds in Book 17119, Page 836. (P.S.M.F. ¶ 13.)

Plaintiff filed this action on May 5, 2016, seeking reformation of both the Deed and the Mortgage to correct the property description and then to foreclose on the House Parcel. Before the court at this time are cross-motions for summary judgment.

Plaintiff contends that the clear intent of the parties to the Deed and Mortgage was to convey and encumber the House Parcel, not the Restaurant Parcel; and because there are no material facts in dispute, summary judgment should be granted on the reformation counts. Plaintiff alternatively contends that on the basis of the instant record summary judgment is warranted on the foreclosure count, whether or not the instruments are reformed.

Defendant opposes the motion and seeks summary judgment in her favor on Counts I and II on several grounds, including that the claims are untimely and barred by the applicable statute of limitation. Concerning the foreclosure action in Count III, defendant claims that summary judgment should be denied for several reasons, including the failure of notice to comply with 14 M.R.S.A. § 6111 and lack of sufficient, admissible evidence in the supporting affidavits to meet the requirements for foreclosure enumerated in *Chase Home Finance, LLC v. Higgins*, 2009 ME 136, 985 A.2d 508.

4

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate if, when the record is viewed in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. When there are cross-motions, the rules applicable to summary judgment are applied separately to each motion. *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646

### B. Reformation of Deed (Count I) and Mortgage (Count II)

An action seeking reformation is equitable in nature. *Tibbetts v. Pelotte*, 427 A.2d 956 (Me. 1981). Pursuant to 14 M.R.S. § 752, "all civil actions, *including equitable claims*, must be commenced within six years after the cause of action accrues, unless a more particularized statute applies." *United States Bank Nat'l Ass'n v. Adams*, 2014 ME 113, ¶ 4, 102 A.3d 774 (2014) (emphasis added); *Bowden v. Grindle*, 651 A.2d 347, 350 n.1 (Me. 1994). Here, there is no "more particularized statute" that applies to this type of action.[4]

A cause of action accrues when "a party suffers a judicially cognizable injury." *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 11, 750 A.2d 591. The Law Court has not addressed the specific question at issue, namely the date of accrual of a cause of action for reformation of a deed or mortgage based on mutual mistake. Courts in a number of other states have held that a cause of action for reformation based on mutual mistake accrues at the time the alleged mistake was made and that the failure to

---

[4] Neither 14 M.R.S. § 751 (20-year limitation period for "personal actions" on "bills, notes, or other evidences of debt issued by a bank") nor 14 M.R.S. § 801 (20-year limitation period for a "real or mixed action for the recovery of lands") are applicable to Counts I or II. *Cf. Adams*, 2014 ME 113, ¶ 4, n. 2.

5

discover the mistake until years later does not alter the date of accrual for purposes of a statute of limitation. *See Jarzombek v. Ramsey*, 534 S.W.3d 534 (Tex. App. 2017); *Law v. Law Co. Bldg. Assocs.*, 295 Kan. 551, 576, 289 P.3d 1066, 1081 (2012); *Sams v. Nolan*, No. 1326, 1987 Ohio App. LEXIS 7980, at *7-8 (Ct. App. July 1, 1987); *Beynon Bldg. Corp. v. Nat'l Guardian Life Ins. Co.*, 118 Ill. App. 3d 754, 762, 74 Ill. Dec. 216, 222, 455 N.E.2d 246, 252 (1983); *Barnes v. Barnes*, 157 Tenn. 332, 333, 8 S.W.2d 481 (1928).

Here, the transactions in question occurred in early 2006. If the parties intended to transfer the House Parcel but accidentally described the Restaurant Parcel in the relevant deed and mortgage instrument at that time, a judicially cognizable injury arose then. Both documents were signed and executed in January of 2006. This action was filed in May 2016, ten years later.

Plaintiff urges adoption of the "discovery rule", so that the date of the cause of action's accrual for purposes of commencing the six-year limitation period would be the date the mistake was first discovered. The court declines to do so for several reasons. To date, the discovery rule in Maine has only been adopted in limited circumstances by either the Legislature or the Law Court. *See, e.g.,* 14 M.R.S.A. § 859 (fraudulent concealment of cause of action); 24 M.R.S. 2902 (discovery of "foreign objects" in body in medical malpractice action); *Dunelawn Owners' Ass'n*, 2000 ME 94, ¶ 14, 750 A.2d 591 (existence of fiduciary relationship between parties) ("Although the facts of this case present a difficult to discover breach, the absence of a fiduciary relationship in these facts prevents the application of the discovery rule"); *Anderson v. Neal*, 428 A.2d 1189, 1192 (Me. 1981) (in legal malpractice actions, where "reliance placed upon the attorney by the client and the lack of means for discovery place the client in a situation akin to that of one who has had a cause of action fraudulently concealed from him."). Although

6

courts in other states have extended the discovery rule to reformation actions based on mutual mistake, in many instances that was based on a specific, statutory exception. *See, e.g., Stone v. Gateway Bank & Tr. Co. (In re Stone)*, No. 10-05985-8-JRL, 2011 Bankr. LEXIS 4641, at *9 (Bankr. E.D.N.C. Aug. 15, 2011); *Johnson v. Dist. VII, Human Res. Dev. Council*, 2009 MT 86, ¶ 22, 349 Mont. 529, 534, 204 P.3d 714, 718; *Butcher v. Truck Ins. Exch.*, 77 Cal. App. 4th 1442, 1470, 92 Cal. Rptr. 2d 521, 541 (2000); *Haslem v. Ottosen*, 689 P.2d 27, 27, 29 (Utah Sup.Ct. 1984); *Nancy Lee Mines, Inc. v. Harrison*, 95 Idaho 546, 547, 511 P.2d 828, 829 (1973); *Elkhorn Coal Corp. v. Hite*, 225 Ky. 735, 740, 9 S.W.2d 1083, 1085 (1928). *But see Long v. City of Glendale*, 208 Ariz. 319, 326, 93 P.3d 519, 526 (Ct. App. 2004); *Stoneham Five Cents Sav. Bank v. Johnson*, 295 Mass. 390, 395-96, 3 N.E.2d 730, 732 (1936). The Maine Legislature has made the discovery rule applicable in cases involving fraudulent concealment; unlike legislatures in other states, however, it has not done so with respect to causes of action based on mutual mistake.

Because this matter was filed well beyond six years from the date the cause of action for reformation accrued, plaintiff's complaint is untimely with respect to Counts I and II. Therefore, plaintiff's motion for summary judgment on Counts I and II will be denied and defendant's cross-motion for summary judgment on Counts I and II will be granted.

## C. Foreclosure (Count III)

Plaintiff's motion for summary judgment on Count III with respect to the unreformed Deed and Mortgage must also be denied for the following reason.

The property description of the Restaurant Parcel itself reflected in both the Deed and the Mortgage is defective on its face. The property is described as follows:

> BEGINNING at a point *on the Westerly sideline* of U.S. Route 1, said point of beginning being six hundred twenty-seven and five tenths

feet (627.5') southerly of the southeasterly corner of land now or formerly of Robert Weare at the westerly sideline of U.S. Route 1;

THENCE    *running southerly* by and along the westerly sideline of U.S. Route 1 one hundred (100') feet to a point and land of June R. Collopy;

THENCE    turning ninety degrees (90°) and *running westerly* by and along said land of June R. Collopy two hundred feet (200') to a point;

THENCE    turning ninety degrees (90°) and *running northerly* by and along other land of June R. Collopy one hundred feet (100') to a point;

THENCE    turning ninety degrees (90°) and running **westerly** by and along other land of June R. Collopy two hundred feet (200') to the *easterly* sideline of U.S. Route 1 and the point of beginning.

(Pl.'s Exs. 5, 8) (emphasis added). In order for the property's boundaries to close, the final call should have described the boundary line as running *easterly,* not westerly, (and running to the *westerly* sideline of U.S. Route 1, not the *easterly* sideline of the road as recited). In order to grant summary judgment in a foreclosure action, the subject property must be adequately described. *See Greenleaf,* 2014 ME 89, ¶ 18, 96 A.3d 700 (citation omitted). On this record, that is not the case.[5]

### III. Conclusion & Order

For the reasons set out above, the statute of limitation bars reformation sought in Counts I and II and foreclosure on the Restaurant Parcel in the context of summary judgment is not warranted in light of an inadequate property description in both the Deed and Mortgage.

---

[5] It is unnecessary to address other defenses raised to the foreclosure claim.

Accordingly, it is hereby ordered and the entry shall be: "Plaintiff's motion for summary judgment is denied as to Counts I and II and defendant's cross-motion for summary judgment is granted as to Counts I and II. Plaintiff's motion for summary judgment is denied as to Count III."

SO ORDERED.

Dated: August 24, 2018

_____
Wayne R. Douglas
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 8/27/18

9