STATE OF MAINE                          SUPERIOR COURT
KENNBEC, SS                             CIVIL ACTION
                                        DOCKET NO. CV-2020-15


STEPHANIE WEBBER,
       Plaintiff

                                    **ORDER ON MOTION FOR PARTIAL**
                                    **SUMMARY JUDGMENT**

       V.


JEFFREY DUBORD,
       Defendant


The matter before the court is the Defendant's (Jeffrey Dubord's) Motion for Partial Summary Judgment on all claims asserted against him by Plaintiff Stephanie Webber, except for a cause of action alleging assault.

On December 10, 2019, Webber commenced this action in the District Court (WATDC Docket No. CV-2019-206) seeking compensation for the "value of the equity in the home [located at 189 Augusta Road in Rome, Maine] or award [her] the home, award [her] her personal property, and/or the value of personal property, award [her] damages and pain and suffering for the assault and resulting injury, and order attorney's fees, costs of suit and all other damages and awards deemed just and equitable." Dubord filed his answer on January 28, 2020 and, at the same time, filed a "Notice of Removal to Superior Court" pursuant to M.R.Civ.P. 76C.

On September 2, 2020, Dubord moved for summary judgment on all claims except the claim sounding in the tort for assault. Accompanying and in support of his motion for summary judgment, Dubord filed his Statement of Material Facts as

required by M.R.Civ.P. 56(h)(1). Webber's opposing statement of material facts does not fully comply with the requirements of Rule 56. For example, in many instances Webber has made denials and has referred to certain paragraphs of her affidavit. She has not, however, made any assertion of fact in opposition to the fact asserted by Dubord. In other instances, she has made denials without any record citation at all. In still others, she has made assertions of fact that are not responsive to the assertions of fact made by Dubord. The result has been that the court has been required to search the record to locate the "facts" supposedly asserted in opposition to the summary judgment motion. Rule 56(h)(4) makes it clear that the court has no duty or authority to engage in such a search for facts. *Lubar v. Connelly*, 2014 ME 17, ¶ 34, 86 A.3d 642. Facts not properly controverted are deemed admitted. M.R.Civ.P. 56(h)(4).

The following facts are taken from the summary judgment record.

## FACTS

Ms. Webber and Mr. Dubord cohabitated for approximately 27 years, during 18 years of which they were engaged to be married. The parties, however, never did marry. The relationship between Webber and Dubord ended in August 2019, when a domestic dispute occurred between them, as a result of which Ms. Webber sought and obtained a Protection from Abuse Order against Mr. Dubord.[1] At a hearing on the PFA complaint, Dubord did not contest Webber's testimony and a finding of abuse was entered against him.

At the time of the dissolution of their relationship, Webber and Dubord were living at 189 Augusta Road in Rome, Maine. The property had been purchased in 2000. Mr. Dubord took out a mortgage to pay for the property. Dubord made all of

---

[1] Ms. Webber has described the event as an assault during which she sustained physical injuries. Mr. Dubord has described the event as an argument.

2

the mortgage payments on the property and made all payments for insurance and the taxes on the property.[2] The deed to the property is in Dubord's name only. Webber and Dubord kept separate bank accounts and each paid for their own motor vehicles during the time they were together.

Prior to the purchase of the property in Rome at 189 Augusta Road, Webber and Dubord jointly owned a mobile home. While they jointly owned that property, they each paid an equal share of the mortgage on it. There were occasions, however, when Webber was unable to pay her share of the mortgage on the mobile home. On those occasions, Dubord paid his share and Webber's share of the mortgage. There is no evidence in the summary judgment record that suggests that upon the sale of the jointly owned mobile home, Webber's share of the sale price, or any portion of it, was used to purchase the property at 189 Augusta Road.

With respect to the property at 189 Augusta Road, Dubord refinanced the mortgage at one point and later paid off the mortgage in full in 2014. Both parties paid for various household expenses while they were living together at the property. By way of example, Dubord paid for a pellet stove and pellets and also paid for propane. Webber paid for some propane as well, and also for electricity, the internet, and groceries. There is a dispute as to who paid for the landline phone. Dubord paid for Webber's cell phone, which was part of his cell phone plan.

---

[2] In denying these statements of material fact, Webber has asserted that she made contributions to the household expenses thereby "freeing up" money that allowed Dubord to pay the mortgage, taxes and insurance on the Rome property. The court does not believe such a response properly controverts the statement of material fact made by Dubord, as required by Rule 56(h)(4). Moreover, in response to a statement of material fact that she did not make any "contribution to the purchase of the real property in Rome," Webber denied it and asserted in her Affidavit that she had negotiated the sale price of the home. Once again, the court does not consider that such a response properly controverts the statement of material fact. In any event, the court interprets this response to mean that Webber admits that she made no direct financial contribution to the purchase of the property.

3

During the time the parties were living together, but at a time not disclosed in the summary judgment record, Webber asked Dubord to add her name to the mortgage and deed on the 189 Augusta Road property, but Dubord refused to do so. It is undisputed that no contract existed between the parties as to what would happen if their relationship ended. Nevertheless, Webber has stated that it was her belief that the property at 189 Augusta Road was purchased as a "joint venture," and that it was her "understanding" that Dubord "purchased the home in his name only so he could qualify for a Veteran's Administration loan program."

The summary judgment record contains various assertions about contributions Webber may have made to the purchase of certain items of personal property (e.g., Kubota tractor, snow blower, motorcycle, boat and trailer, wood stoves), as well additions and/or improvements to the real property at 189 Augusta Road (e.g., barn, shingling of house, metal roofing, woodshed, port by garage, deck, fencing, kennels, patio, landscaping, hardwood flooring, removal of carpeting, remodeling of walls, improvements to daylight basement).

Regarding the Kubota tractor purchased in 2001, it is undisputed that Webber made the initial down payment of approximately $3000-$3200. Moreover, with respect to the motorcycle purchased in 2014, it is undisputed that Dubord purchased this and made all of the payments for it. Regarding the boat and trailer purchased in 1996 by Dubord, it appears undisputed that Webber purchased some seats and a canopy for the boat sometime in the mid-2000s for about $600. With respect to all of the items of personal property mentioned above, other than the motorcycle, Webber has asserted that she made contributions to "all household expenses" thereby "freeing up money" for Dubord to purchase these items, i.e., tractor, snow blower, boat and trailer and wood stoves. Once again, the court is not convinced that Webber's responses (denials) comply with Rule 56(h)(4)

4

It is undisputed that Webber paid for, and together with Dubord, built a barn on the property in the early 2000s. She also claims to have made financial contributions to other improvements to the property (e.g., deck, fencing, kennels, metal roofing). Furthermore, she appears to agree that Dubord paid for major improvements to the house, including the installation of solar panels in 2015, a new asphalt driveway, a living room and bathroom remodel, a new on-demand water heater and a new foundation. Other than the installation of the solar panels, the summary judgment record does not provide evidence as to when these improvements were made. Webber maintains that she assisted in these projects through her labor, for which she has not been compensated.

Webber disputes that her contributions, in the form of the payment of household expenses, labor on home improvement projects or materials she purchased, were gifts to Dubord or were in consideration of the fact that she did not have to pay rent for living in the house.

In support of his motion for partial summary judgment, Dubord has asserted that during the years 2013-2019, his income was sufficient to afford both the purchase of personal property and the improvements to the property. In response, Webber has asserted denials, with the added response: "This may not be true," and that "[i]t is possible" that Dubord could not have afforded his "toys" and property improvements "if it had not been for [Webber's] income." There are no citations to any record evidence for these denials and statements, and there is no indication as to the basis for them. Accordingly, the court considers these assertions of fact by Dubord to be admitted.

After the relationship ended in August 2019, Dubord served Webber with a 30-day eviction notice. Webber subsequently vacated the premises and the matter never went to court. As noted earlier, Webber commenced this action by serving

5

Dubord with her complaint and summons on December 10, 2019. The complaint was filed on December 19, 2019. *See* M.R.Civ.P. 3.

## STANDARD OF REVIEW

"Summary judgment is appropriate where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law.'" *Town of Windham v. Christopher A. Bond*, No. CV-16-94, 2016 Me. Super. LEXIS 108, at *2 (July 13, 2016) (citing M.R. Civ. P. 56(c)). "In examining the statements of material facts submitted pursuant to subdivision (h), [a] genuine issue of material fact exists when the evidence requires a fact-finder to choose between competing versions of the truth." *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123 (citing *Farrington's Owner's Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504). Even if one party's version of the facts appears significantly more credible and persuasive, summary judgment is inappropriate "if a genuine factual dispute exists that is material to the outcome." *Arrow Fastener*, 2007 ME 34, ¶ 17, 917 A.2d 123; *see also Emerson v. Sweet*, 432 A.2d 784, 787 n.6 (Me. 1981) ("Thus, the failure of proof, not the relative weight assigned to evidence should control the Court's disposition of the motion."). As the Law Court has stated, although summary judgment "is no longer an extreme remedy, it is not a substitute for trial." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18.

## DISCUSSION

In support of his motion for summary judgment, Dubord contends that any claim by Webber to the real property at 189 Augusta Road is barred by the Statute of Frauds. 33 M.R.S. § 51(4). Webber counters that she is not seeking title to the real estate. *Pl.'s Memo at 7*. Rather, she asserts that she wishes "to obtain just

compensation for all of the financial equity she built with the Defendant [Dubord] during the nearly three-decades long romantic relationship." *Id. at 2.* Webber maintains that her cause of action is not based on any contractual relationship with Dubord but, rather, on principles of unjust enrichment.

To this, Dubord responds that the general 6-year statute of limitations applies to Webber's unjust enrichment claims. 14 M.R.S. § 752. Dubord argues that a cause of action for unjust enrichment accrues when the unjust enrichment occurs, i.e., when Webber allegedly conferred the benefit or made the contribution. Webber agrees that the 6-year statute of limitations applies to her unjust enrichment claims, but contends that her cause of action did not accrue until August 10, 2019 when her relationship with Dubord ended and he received the full and sole benefit of her prior contributions.

Dubord also claims that Webber's unjust enrichment claims fails as a matter of law because her claim for damages is too speculative or non-existent and/or is not supported by expert evidence.

Further, Dubord argues that Webber's unjust enrichment claim for her payment of household expenses fails as a matter of law because it was not inequitable for him to retain the benefit of Webber's contributions in the form of groceries and electricity and the like, since Webber herself retained the benefit of living in Dubord's property without paying rent.

Finally, Dubord seeks summary judgment on Webber's claim for attorney fees because there is no legal basis for the court to make such an award.

As might be expected in a case involving claims arising after the end of a long-term relationship, many aspects of the summary judgment record are confusing. Nevertheless, for the reasons explained below, the court grants Dubord's motion for partial summary judgment in substantial part.

7

## I.   Ownership of the Real Property at 189 Augusta Road and the Statute of Frauds

Although Webber's complaint appears to have sought an award of the house located at 189 Augusta Road, she now seems to have disavowed any claim of title to or legal interest in the real property. She has acknowledged that she was never married to Dubord and, therefore, the real property cannot be treated as marital property. *See State v. Patterson*, 2004 ME 79, ¶ 12, 851 A.2d 521. She also acknowledges that no contract ever existed between her and Dubord as to what would happen if their relationship ended.

Webber has no legal claim to any interest in the real property, as the Statute of Frauds requires a writing in order to maintain an action for the transfer of such property. 33 M.R.S. § 51(4). Moreover, the court agrees with Dubord that Webber has failed to generate a genuine issue of material fact that she could come within an exception to the Statute of Frauds. *See Sullivan v. Porter*, 2004 ME 134, ¶ 10, 861 A.2d 625.

It appears to the court that Webber is not making any claim that she had any type of agreement with Dubord that she would be treated as a co-owner of the real property, even though she may have had a subjective belief, based on her relationship with Dubord, that the purchase of the property by him was a "joint venture," a concept she never explains except to state her "understanding" that Dubord wanted the property in his name alone in order to qualify for a Veteran's Administration loan program. Indeed, it is undisputed that Webber, at one point, asked Dubord to add her name to the mortgage and deed, a request that Dubord refused.

The court concludes that Dubord is entitled to summary judgment as to any claim Webber may be making to an interest in the real property at 189 Augusta Road.

## II.    Webber's Unjust Enrichment Claims

What does appear to be clear is that Webber's claim for compensation for her financial and other contributions during her relationship with Dubord are based upon a theory of unjust enrichment. *See Thibeault v. Brackett*, 2007 ME 154, 938 A.2d 27. "An unjust enrichment claim is brought to recover 'the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay.'" *Estate of Miller*, 2008 ME 176, ¶ 29, 960 A.2d 1140 (*quoting Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269). Unjust enrichment is an equitable claim. To succeed on her claim, Webber must show that: (1) she conferred a benefit on Dubord; (2) Dubord had appreciation or knowledge of the benefit; and, (3) the acceptance or retention of the benefit was under circumstances that make it inequitable for Dubord to retain the benefit without payment of its value. *Estate of Miller*, 2008 ME 176, ¶ 29; *Me. Eye Care Assocs. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707.

It is well established, and Webber does not disagree, that the general 6-year statute of limitations, as set forth in 14 M.R.S. § 752, applies to equitable claims, including claims of unjust enrichment. *United States Bank Nat'l Ass'n v. Adams*, 2014 ME 113, ¶ 4, 102 A.3d 774. Title 14 M.R.S. § 752 provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . ." It is undisputed that Webber "commenced" this action on December 10, 2019 by serving Dubord with the summons and complaint. M.R.Civ.P. 3. What is disputed is when Webber's alleged claims of unjust enrichment accrued.

In *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 14, 200 A.3d 803, the Law Court noted that "[s]tatutes of limitations are strictly construed." It further stated that "[a]n unjust enrichment claim accrues when the alleged unjust enrichment occurs." *Id.* at ¶ 27. In that case, the Court held that the unjust enrichment occurred

9

when York County paid for the delivery of a database, which happened 10 years prior to the commencement of the lawsuit.

In *Me. Mun. Emples. Health Trust v. Maloney*, 2004 ME 51, 846 A.2d 336, the plaintiff brought a subrogation action to recover medical payments it had made for the defendant, who had been injured in a motor vehicle accident and who had reached a settlement with the tortfeasor. The settlement occurred in 1995. With the proceeds of the settlement, the defendant purchased an annuity that paid him monthly benefits until 2018. The plaintiff commenced suit in 2002 to recover the medical payments it had made on the defendant's behalf. The trial court granted summary judgment on the basis that the statute of limitations barred the plaintiff's unjust enrichment claim. The plaintiff had argued that its cause of action for unjust enrichment did not accrue until the defendant received the last payment under the annuity, presumably on the theory that the defendant was conferred a benefit with each monthly annuity payment he received. The Law Court rejected that argument and held that "[g]enerally speaking a cause of action accrues when a plaintiff receives a judicially cognizable injury." *Id.* at ¶ 10. Assuming the plaintiff received such an injury, it occurred when the settlement was made or, at the latest, when a substantial portion of the settlement was received by the defendant. Because the plaintiff commenced suit 7 years after the settlement, its unjust enrichment claim was barred by 14 M.R.S. § 752.

The case of *United States Bank Nat'l Ass'n v. Adams*, *supra,* involved a defendant and his sister who owned property as joint tenants. In December 2005, the sister executed a promissory note for approximately $2.3 million and conveyed a mortgage on her interest in the property to secure the note. Her brother, the defendant, was not a party to the note or mortgage. The sister used a portion of the loan proceeds to pay off an earlier loan for which she and the defendant were jointly liable. Then, in 2008, the sister defaulted on the loan. In May 2012, the Bank

commenced suit against the defendant seeking to place an equitable lien on his interest in the property on the basis that he had been unjustly enriched by having the loan proceeds used to pay off a different loan for which he was liable. The trial court ruled on the merits in favor of the defendant and the Bank appealed. The Law Court held that the unjust enrichment claim should have been dismissed as time-barred by the statute of limitations. The Court determined that the unjust enrichment claim accrued in December 2005 when the sister "signed the contested note and mortgage . . . , using some of the proceeds to pay off the earlier mortgage on the property she and the brother [the defendant] own." 2014 ME 113, ¶ 5. Since the action against the defendant was not filed until May 2012 (more than 6 years later), it was barred by virtue of 14 M.R.S. § 752.

Finally, in *Estate of Miller, supra,* the personal representative of the estate brought suit against the decedent's son for the return of a jointly held savings account. The evidence before the probate court supported the conclusion that the savings account was jointly owned by the decedent and her son (the defendant) beginning around November 1994 when the decedent added her son as a joint owner of the account. The decedent died in 2004 and in 2005 the personal representative commenced suit against the son (her brother) seeking to declare that the savings account was not jointly owned, but was an estate asset. Included in the complaint was a claim for unjust enrichment. Among other defenses, the son asserted that the action was time-barred. The Law Court observed that "the statute of limitations issue turns on when a judicially cognizable injury was sustained." 2008 ME 176, ¶ 30. The Court held that any "injury" occurred in November 1994 when the son was added as a joint owner of the savings account. "That is the point at which [the son] could have accessed the funds in the account if he wished, and that is the point at which [he] stood to take ownership of the account ahead of the estate upon [the decedent's] death." *Id.* The Court rejected the argument that the "benefit" was not

11

conferred until 2004 when the decedent died, "because by then he had held equal rights to the account for almost ten years." *Id.* Because any unjust enrichment claim accrued more than 6 years before the commencement of the action, the suit was barred by the statute of limitations.

Dubord takes the position that any claims for unjust enrichment accrued at the time Webber made whatever contributions she allegedly made and thereby conferred a benefit on him. Stated otherwise, any contributions allegedly made by Webber prior to December 10, 2013 that form the basis of an unjust enrichment claim are time-barred. This would include, by way of example only, Webber's initial payment of the down payment for the Kubota tractor in 2001, her purchase of seats and a canopy for the boat in the mid-2000s, and her contributions towards the construction of the barn in the early 2000s. In other words, any contributions made by Webber outside the applicable 6-year statute of limitations period, whether they consisted of direct financial payments, labor and/or materials or the payment of household expenses, may not be recovered on a theory of unjust enrichment because they are barred by 14 M.R.S. § 752.

Webber, on the other hand, appears to maintain that she did not sustain a legally cognizable injury for purposes of any unjust enrichment claim, until August 2019, when the relationship ended and Dubord received "the sudden full benefit of property . . . without further sharing with [her]." *Pl.'s Memo at 11*. It is important to note that Webber does not appear to be suggesting that she is a co-owner with Dubord of items of personal property, such as the Kubota tractor, the boat and trailer, the snow blower or the motorcycle. Rather, to the extent the court understands her argument it is based on an unjust enrichment theory that she is entitled to receive the value of the benefits she conferred on Dubord over the lengthy period of time they were in a committed, romantic relationship. It is also important to point out that this

12

summary judgment motion is not directed at Webber's tort claim against Dubord for an alleged assault.

Based on its review of the applicable law, the court concludes that any unjust enrichment claim asserted by Webber, including any contributions she may have made prior to December 10, 2013, are time-barred by the 6-year state of limitations. The court finds that any unjust enrichment claim accrued when the benefit was conferred on Dubord, which was when the alleged contribution was made. Dubord is entitled to summary judgment as to any such contributions made prior to December 10, 2013.

As to any alleged unjust enrichment claims within the applicable statute of limitations, namely, since December 10, 2013, the motion for summary judgment will be denied, since there are genuine issues of material fact as to the value of the benefits allegedly conferred on Dubord and whether it would be inequitable for him to retain those benefits without payment.

### III.    Webber's Claim for Attorney Fees

Dubord has moved for summary judgment on Webber's claim for an award of attorney fees as part of her complaint. In *Pollack v. Fournier*, 2020 ME 93, ¶ 22, 237 A.3d 149, the Law Court stated: "A trial court's authority 'to award attorney fees may be based on (1) a contractual agreement between the parties; (2) a specific statutory authorization; or (3) the court's inherent authority to sanction serious misconduct in a judicial proceeding.'" (*quoting Sebra v. Wentworth*, 2010 ME 21, ¶ 17, 990 A.2d 538.

Webber has not claimed an entitlement to an award of attorney fees on the basis of any contractual agreement with Dubord. Indeed, she has admitted that no such contractual relationship with Dubord existed. Moreover, Webber has not pointed the court to any statutory provision that would authorize an award of attorney fees.

13

Rather, Webber points only to the court's inherent authority to sanction serious misconduct occurring in a judicial proceeding and argues: "The fact that the Defendant assaulted the Plaintiff resulting in his claim to all of the real property and over 61% of the personal property from their relationship is the serious misconduct cited by the court." *Pl.'s Memo at 21.*

The allegation that Dubord assaulted Webber states a cause of action, but it does not constitute the type of serious misconduct in a judicial proceeding that would authorize the court to make an award of attorney fees. The alleged assault occurred outside the context of a judicial proceeding. Dubord's motion for summary judgment will be granted as to Webber's claim for attorney fees.

## CONCLUSION

The entry is:

Defendant's Motion for Partial Summary Judgment is GRANTED IN PART. Plaintiff's claim to an interest in the real property located at 189 Augusta Road in Rome, Maine is barred by the statute of frauds, and summary judgment in favor of the Defendant is granted on that claim. The Plaintiff's claims of unjust enrichment that accrued prior to December 10, 2013 are barred by the statute of limitations and summary judgment in favor of the Defendant is granted on those claims. Plaintiff's claim for an award of attorney fees is not authorized and summary judgment on that claim is entered in favor of the Defendant.

The clerk is directed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: December 15, 2020

Entered on the docket 12/21/2020

William R. Stokes
Justice, Superior Court

14

STEPHANIE WEBBER - PLAINTIFF
860 PLAINS ROAD
MOUNT VERNON ME 04352
Attorney for: STEPHANIE WEBBER
KEVIN P SULLIVAN - RETAINED
SULLIVAN LAW PC
218 WATER STREET
GARDINER ME 04345

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CV-2020-00015

**DOCKET RECORD**

vs
JEFFREY DUBORD - DEFENDANT
189 AUGUSTA RD
ROME ME 04963
Attorney for: JEFFREY DUBORD
HEIDI J EDDY - RETAINED
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

MLR/SC#126-21

Attorney for: JEFFREY DUBORD
ELIZABETH STOUDER - RETAINED
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

Filing Document: COMPLAINT
Filing Date: 12/19/2019

Minor Case Type: OTHER CIVIL

## Docket Events:

01/29/2020 TRANSFER - REMOVAL TO SUPERIOR COURT EDI ON 01/29/2020 at 04:34 p.m.
        TRANSFERRED CASE: SENDING COURT CASEID WATDCCV201900206

        FILING DOCUMENT - COMPLAINT FILED ON 12/19/2019

01/29/2020 ATTORNEY - RETAINED ENTERED ON 12/19/2019

        Party(s): JEFFREY DUBORD
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/19/2019

        Party(s): JEFFREY DUBORD
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/10/2019

        ORDER - SCHEDULING ORDER ENTERED ON 01/07/2020
        CHARLES  DOW , JUDGE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
        PARTIES/COUNSEL

        DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/01/2020

        TRIAL - BENCH SCHEDULED FOR 03/20/2020 at 01:00 p.m.  in Room No.  1

        TRIAL - BENCH NOT HELD ON 01/29/2020

        Party(s): JEFFREY DUBORD

Printed on: 12/21/2020