2004 ME 51

**MAINE MUNICIPAL EMPLOYEES HEALTH TRUST**

v.

**Donald MALONEY et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2004.

Decided: April 9, 2004.

Robert Laskoff (orally), Laskoff & Associates, Lewiston, for the appellant.

Edward Dardis (orally), Harry Starbranch, Howard & Dardis, Damariscotta, for the appellee.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

CALKINS, J.

[¶ 1] Maine Municipal Employees Health Trust (MMEHT) appeals from a judgment entered in the District Court (Augusta, *Westcott, J.*) dismissing its complaint against Donald Maloney in which it sought to recover the amount it expended for Maloney's medical care. MMEHT asserted theories of breach of contract, equitable subrogation, and unjust enrichment. We agree with the trial court that the complaint failed to state a claim against Maloney for breach of contract and that the statute of limitations bars the remaining claims, and we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

[¶ 2] Maloney was injured in a car accident on January 8, 1993. At the time

* Although not available at oral argument, Justice Dana participated in this opinion. *See* M.R.App. P. 12(a).

of the accident, he was a participant in MMEHT's health care plan. MMEHT paid more than $54,000 toward Maloney's medical expenses arising from the accident. Maloney, represented by the law firm of Howard & Bowie, brought an action against the operator of the vehicle that struck him. MMEHT was made aware that Maloney was making a claim against the tortfeasor. During the pendency of Maloney's suit against the tortfeasor, MMEHT sent notices to both Maloney and the tortfeasor's insurer, Northland Insurance Company, claiming a subrogation interest in the proceeds of any settlement or verdict. In a letter dated April 19, 1995, addressed to Howard & Bowie, MMEHT stated that it had expended over $51,000 for Maloney's medical care as of that date. Maloney settled his claims against the tortfeasor on September 19, 1995. Pursuant to the settlement agreement, Northland paid Maloney $190,000 and purchased an annuity to pay an additional $370,500 in monthly payments ending in the year 2018. As part of the settlement, Maloney agreed to fully release Northland. No one reimbursed MMEHT for the medical expenses it paid for Maloney.

[¶ 3] On November 15, 2002, MMEHT filed a complaint against Maloney, Northland, and Howard & Bowie claiming a right to reimbursement for the amounts MMEHT paid for Maloney's medical care. This action was commenced more than nine years after Maloney's accident and more than seven years after Maloney's settlement. Maloney, Northland, and Howard & Bowie moved to dismiss the complaint, and all parties filed motions for summary judgment.

[¶ 4] The court ruled against MMEHT on all motions. It concluded that MMEHT did not state a claim against Maloney for breach of contract and that

MMEHT's equitable subrogation and unjust enrichment claims against Maloney were barred by the statute of limitations and the doctrine of laches. The court dismissed the complaint against the three defendants. MMEHT appeals only the dismissal of its complaint against Maloney.

## II. DISCUSSION

[¶ 5] When we review the dismissal of a complaint for failure to state a claim upon which relief may be granted, we consider allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43. In addition to the allegations in the complaint, we may examine documents attached to the complaint. *Id.* ¶ 10. A complaint should not be dismissed if it alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* ¶ 7. When there is no factual dispute, the application of the statute of limitations is a legal question reviewed directly for errors of law. *Stromberg–Carlson Corp. v. State Tax Assessor*, 2001 ME 11, ¶ 5, 765 A.2d 566, 567–68.

### A. Breach of Contract

[¶ 6] MMEHT alleged in the complaint that it had a contract with Maloney giving it the right of subrogation to proceed against a third party who was responsible for medical expenses. However, the referenced contract, which was attached to the complaint, only provided that Maloney was required to release information to MMEHT if he had a claim against a third party. The complaint did not allege that the contract required, nor did the contract attached to the complaint require, Maloney to reimburse MMEHT. Because Maloney had no duty to reimburse MMEHT, the District Court properly dismissed MMEHT's breach of contract claim.

## B. Equitable Subrogation

[¶ 7] MMEHT argues that it has an equitable subrogation lien on the proceeds of Maloney's recovery from Northland and that it is entitled to enforce that lien against Maloney. We need not decide whether MMEHT has an equitable subrogation lien because even if it does, it waited too long to attempt to enforce the lien. Subrogation is the substitution of one party for another. *Unity Tel. Co. v. Design Serv. Co.*, 160 Me. 188, 192, 201 A.2d 177, 179 (1964). As the subrogee, MMEHT steps into the shoes of Maloney. Leading commentators and most jurisdictions agree that a subrogee is subject to the same statute of limitations as the subrogor. 17 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 236:8 (3d ed. 2000); *Hermeling v. Minn. Fire & Cas. Co.*, 548 N.W.2d 270, 273–75 (Minn.1996) and cases cited therein; *Motor Club Ins. Ass'n v. Fillman*, 5 Neb.App. 931, 568 N.W.2d 259, 264–65 (1997) and cases cited therein.

[¶ 8] The parties do not dispute that the applicable statute of limitations is set forth in 14 M.R.S.A. § 752 (2003), which states, in pertinent part: "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, ... except as otherwise specially provided." Here, Maloney could not have waited more than six years after his injury to bring an action against the tortfeasor. Likewise, MMEHT, having no greater rights than Maloney, cannot wait more than six years after the injury to bring a subrogation action.

## C. Unjust Enrichment

[¶ 9] Finally, MMEHT claims that Maloney has been unjustly enriched by recovering remuneration from a third party without reimbursing MMEHT for the payments for medical treatment it made.[1] MMEHT did not allege that it paid for medical services furnished to Maloney for his injuries within six years prior to the commencement of this action, nor did MMEHT argue that the statute of limitations began to run from the last date of the payment for medical services. Instead, MMEHT argues that the statute of limitations does not begin running until Maloney receives his last payment under the annuity that was part of the settlement. Without citing any authority for the proposition, MMEHT contends that its cause of action accrues anew with each monthly annuity payment that Maloney receives. We disagree.

[¶ 10] Generally speaking a cause of action accrues when a plaintiff receives a judicially cognizable injury. *McLaughlin v. Superintending Sch. Comm. of Lincolnville*, 2003 ME 114, ¶ 22, 832 A.2d 782, 788. Assuming that MMEHT received a judicially cognizable injury that could serve as a basis for an unjust enrichment claim, that injury occurred when Maloney first settled with Northland or received a substantial portion of the settlement. Maloney's continuing receipt of payments under an annuity was not a triggering event for MMEHT's injury. MMEHT did not commence its action against Maloney for more than seven years after Maloney's settlement with Northland, and, therefore, section 752 bars MMEHT's action.

[¶ 11] MMEHT argues that the District Court erred in concluding that the doctrine of laches bars its claim for unjust enrichment and that its delayed assertion

---

1. It is not clear that the unjust enrichment theory of recovery is substantially different from the equitable subrogation theory. Equitable subrogation is itself based on principles of unjust enrichment and restitution. *North East Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 433 A.2d 715, 719 (Me.1981).

of the claim was reasonable. Insofar as MMEHT asserts that the doctrine of laches can operate to lengthen the time in which an equitable claim must be brought, it is mistaken. The statute of limitations, 14 M.R.S.A. § 752, imposes a maximum time period that applies to "all civil actions," including equitable claims. *Bowden v. Grindle*, 651 A.2d 347, 350 n. 1 (Me. 1994). Although the doctrine of laches can shorten the statutory period of time, it cannot extend it. *Id.*

[¶ 12] The District Court did not err in dismissing MMEHT's complaint against Maloney.

The entry is:

Judgment affirmed.