STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-12-353
*N/M* -CUM- 1/30/2013

ELIZABETH BURROUGHS,

Plaintiff

30 JAN '13 AM 10:38

v.

ORDER ON MOTION TO
DISMISS COUNTERCLAIM

MARIANNE REEVES,

Defendant

Before the court is the plaintiff's motion to dismiss defendant's counterclaim. For the following reasons, the motion is granted in part and denied in part.

The plaintiff alleges the parties were involved in a relationship from 2002 until 2011. In her nine-count complaint, the plaintiff asserts legal and equitable claims arising out of real estate owned by the parties in joint tenancy and a home equity line of credit.

In her counterclaim, the defendant alleges that the parties were romantic partners until 2011. She states further that the plaintiff adopted a child. Finally, she alleges that the parties acquired property jointly and in separate names and the defendant contributed her income to debts and expenses. The defendant seeks an accounting, an equitable division of property, and a determination of parental rights and responsibilities and reasonable rights of visitation and contact with the minor child.

In her opposition to the motion to dismiss, the defendant inappropriately adds allegations that do not appear in the counterclaim. (Def.'s Opp'n to Pl.'s Mot. Dismiss 2-4.) She advances the following causes of action: implied-in-fact contract, quantum meruit, constructive trust, and quasi-estoppel. The defendant alleges she has standing

1

to pursue her parental rights and responsibilities in Superior Court based on habeas corpus and equity jurisdiction.

A pleading must set forth "a short and concise statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). On a motion to dismiss pursuant to Rule 12(b)(6), courts "consider allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff." Me. Mun. Emps. Health Trust v. Maloney, 2004 ME 51, ¶ 5, 846 A.2d 336. The First Circuit has stated that "a complaint must include more than a rote recital of elements of a cause of action; it must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 4 (1st Cir. 2011).

Except for incorporating the allegations in the complaint and answer and except for the allegations regarding the child, the defendant has alleged in the counterclaim that the parties were romantic partners, they acquired property jointly in both names and separate names for the benefit of both, the defendant contributed her income to debts and expenses of the partnership, and the partnership ended. These allegations cannot be considered even a "rote recital of elements of a cause of action" and do not include factual content that provides the plaintiff "with fair notice of the claim" against her. See Vahlsing Christina Corp. v. Stanley, 487 A.2d 264, 267 (Me. 1985.)

The claims regarding parental rights and responsibilities must be brought in the District Court. 4 M.R.S. § 152(11) (2012); M.R. Civ. P. 100. No petition for writ of habeas corpus has been filed. See Leonard v. Boardman, 2004 ME 108, ¶ 14, 854 A.2d 869. Further, when the Law Court in Leonard remanded the case to the Superior Court, the Law Court recognized "there may be some question as to [the Superior Court's] authority to issue a title 19-A order because the District Court now has exclusive

2

jurisdiction over title 19-A proceedings." Id., 2004 ME 108, ¶ 18, 854 A.2d 869. The case relied upon by the defendant specifically provides that based on statutory revisions made after the filing of the action in C.E.W. v. D.E.W, future actions requesting a determination of parental rights and responsibilities "will fall within the exclusive jurisdiction of the District Court." C.E.W. v. D.E.W., 2004 ME 43, ¶ 10, n.8, 845 A.2d 1146.

The entry is

> The Plaintiff's Motion to Dismiss Defendant's Counterclaim is GRANTED in part and DENIED in part.
>
> To the extent the Counterclaim can be read to request an equitable partition of real property, which is also sought by the Plaintiff, the Motion to Dismiss is DENIED.
>
> The Defendant's Counterclaim for an accounting and an equitable division of property is DISMISSED pursuant to M.R. Civ. P. 12(b)(6).
>
> The Defendant's request for a determination of parental rights and responsibilities and visitation is DISMISSED pursuant to M.R. Civ. P. 12(b)(1).

January 29, 2013

Nancy Mills
Justice, Superior Court

3

ELIZABETH BURROUGHS VS MARIANNA REEVES
UTN:AOCSsr  -2012-0080548                              CASE #:PORSC-CV-2012-00353

------------------------------------------------------------------------------

01 0000002126              CLOUTIER, JAMES F
    465 CONGRESS ST STE 8 PORTLAND ME 04101