STATE OF MAINE  
CUMBERLAND, ss.

BUSINESS & COUNSUMER DOCKET  
DOCKET NO. BCD-CV-17-55

HILLMAN NORBERG,      )

         )

     Plaintiff,      )

         )

     v.      )      **ORDER ON COUNTERCLAIM**

         )      **DEFENDANT ELLEN HANCOCK'S**

RICHARD P. OLSON,      )      **MOTION TO DISMISS**

         )

     Defendant.      )

Pending before the Court is Counterclaim-Defendant Ellen Hancock's motion to dismiss the Counterclaim. Counterclaim-Plaintiff Richard Olson opposes Ms. Hancock's motion. The Court heard oral argument on the motion on May 29, 2019. John Campbell, Esq. represented Ms. Hancock and Gerald Petrucelli, Esq. represented Mr. Olson.

BACKGROUND

Ms. Hancock was sued in her capacity as trustee of the Hillman Mather Adams Norberg Trust ("HMANT") in the Counterclaim filed by Defendant Richard Olson. Mr. Olson's Counterclaim names both the Plaintiff Hillman Norberg and Ms. Hancock in her capacity as trustee of the HMANT based on Ms. Hancock's alleged failure to perform certain obligations under a written contract labeled the Amendment and Joinder to Settlement Agreements- Promenade Trust General Holdings and GN Holdings, LP (the "Joinder Agreement.")[1] Pursuant to the Joinder Agreement, Mr. Norberg "will cause the Trustee of the [HMANT] to convey any and all limited

---

[1] The Joinder Agreement was attached as Exhibit A to Ms. Hancock's motion to dismiss. Generally, materials outside the pleadings are not considered on a motion to dismiss for failure to state a claim; otherwise, the motion is treated one for summary judgment. M.R. Civ. P. 12(b). However, pursuant to a narrow exception to the general rule, courts may consider documents central to the plaintiff's complaint or referred to in the plaintiff's complaint where the authenticity of such documents is not challenged. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43. The Joinder Agreement is referenced explicitly in the Counterclaim. (Def's Countercl. ¶¶ 6-8, 13, 15, 17-18.) Plaintiffs do not challenge the authenticity of Ms. Hancock's Exhibit A and do not object to the Court considering the Joinder Agreement on the instant motion.

1

partner interests in [several limited partnerships] to Promenade Trust." (Joinder Agreement, § 6.B. at 7.) Mr. Norberg and Mr. Olson were both parties to the Joinder Agreement. Ms. Hancock was not.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* "The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law" and thus subject to *de novo* appellate review. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

## DISCUSSION

Ms. Hancock points out that she is not a party to the Joinder Agreement and thus she cannot be bound by it. *See Mueller v. Penob. Valley Hosp.*, 538 A.2d 294, 299 (Me. 1988) (defendant "not personally liable for breach of any such contract" to which he was not a party); *see also Berry v. Creative Beginnings Child Care Center*, No. CV-16-243, 2016 Me. Super. LEXIS 192, *5 (Sept.1, 2016) ("Plaintiff cannot, however, recover from defendant . . . because defendant . . . was not a party to the contract.") (citing *id.*). *See also Me. Mun. Emples. Health Tr. v. Maloney*, 2004 ME 51, ¶ 6, 846 A.2d 336 (affirming dismissal of breach of contract count under M.R. Civ. P. 12(b)(6)). In this case, it is not alleged that Ms. Hancock was a party to the Joinder Agreement; Ms. Hancock did not sign the Joinder Agreement and the Joinder Agreement does not mention

2

Ms. Hancock. The Counterclaim alleges merely that Ms. Hancock "breached her agreement to consent to the transfer of the limited partnership interests to the Promenade Trust." (Def's Countercl. ¶ 16.) If the "agreement" referred to is the Joinder Agreement, Ms. Hancock cannot be liable for its breach as a matter of law, because the Joinder Agreement was not "her agreement" as she was not a party to it. The factual allegations of the Counterclaim therefore do not state a claim for breach of contract against Ms. Hancock.

In opposition, Mr. Olson argues that discovery may reveal a theory of liability under the Joinder Agreement on Ms. Hancock's part. However, a counterclaim must allege sufficient facts to show the pleader is entitled to relief. *See* M.R. Civ. P. 8(a). Ms. Hancock is entitled to notice of those allegations, and the Court cannot deny the instant motion to dismiss simply because such a theory may develop if the case is allowed to move to discovery. *See* M.R. Civ. P. 12(b)(6).

Mr. Olson requests that if the Court grants the motion to dismiss, that this dismissal be without prejudice and with leave to amend. *See* 2 Harvey & Merritt, *Maine Civil Practice* § 12.11 at 422 (3d, 2011 ed.) ("A dismissal under Rule 12(b)(6) is technically an adjudication on the merits under Rule 41(b)(3) It ordinarily does not have this effect, however, because leave to amend is freely granted under Rule 15(a)."). Ms. Hancock responds that because she cannot be liable for breach of the Joinder Agreement as a matter of law,[2] any amendment would be futile, and thus the dismissal should be with prejudice. The Court disagrees. Leave to amend is freely given under the Rules of Civil Procedure. *See* M.R. Civ. P. 15(a). The futility of any hypothetical amendment can be litigated if and when Mr. Olson formally moves to amend and files a proposed amended complaint.

---

[2] Ms. Hancock argues that because the Joinder Agreement was fully integrated, that there can be no separate ground obligating her to transfer the limited partnership interests referenced in the Joinder Agreements. However, the paragraph Ms. Hancock cites is not an integration clause. (Joinder Agreement, § 7 at 10.) Furthermore, Ms. Hancock was not a party to the Joinder Agreement.

3

Mr. Olson's principal[3] argument in opposition to the instant motion thus gets him halfway. If Mr. Olson has factual allegations to support an obligation on the part of Ms. Hancock, Ms. Hancock is entitled to notice of those allegations. The Court therefore grants Ms. Hancock's motion to dismiss, but this dismissal is without prejudice.

CONCLUSION

Based on the foregoing, it is hereby ordered:

That Counterclaim-Defendant Ellen Hancock's motion to dismiss the Counterclaim is granted. The dismissal is without prejudice.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

**June 5, 2019**
**DATE**

**/s**
**JUSTICE M. MURPHY**
**BUSINESS AND CONSUMER COURT**

---

[3] In the Counterclaim, Mr. Olson alleges that a third party, John Branson, "had apparent and implied authority to bind Hancock as her agent and attorney." (Def's Countercl. ¶ 10.) In her motion, Ms. Hancock argues that Mr. Branson, as her attorney, could not bind her to a settlement agreement that she did not actually agree to. *See Rideout v. Jackrabbit, LLC.*, No. CV-12-481, 2015 Me. Super. LEXIS 249, *29 (October 26, 2015) (citing *Lane v. Me. C. R.R.*, 572 A.2d 1084, 1085 (Me. 1990). Mr. Olson offered no rebuttal to this proposition in his opposition memorandum or at the oral argument.