MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 142
Docket:      Han-19-62
Submitted
  On Briefs: July 18, 2019
Decided:     September 5, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

# ARTHUR J. GREIF

v.

# INDEPENDENT FABRICATION, INC.

MEAD, J.

[¶1]  Arthur J. Greif appeals from a judgment of the District Court (Ellsworth, *Roberts, J.*) dismissing his complaint—alleging revocation of acceptance and breach of warranty with respect to a bicycle frame that he purchased, which was manufactured by Independent Fabrication, Inc. (Independent)—as barred by the four-year statute of limitations set out in 11 M.R.S. § 2-725 (2018).  On the record before us, the court's assessment of the law appears well-founded.  We must nevertheless vacate the order of dismissal on procedural grounds because the court relied upon facts contained in documents submitted by Independent that exceeded the scope of the facts that may be considered by the court in the context of a motion to dismiss.  *See Acadia Res., Inc. v. VMS, LLC*, 2017 ME 126, ¶ 1, 165 A.3d 365.

## I. BACKGROUND

[¶2]  The following facts, which we view as admitted for purposes of this appeal, are drawn from Greif's complaint.  *See Andrews v. Sheepscot Island Co.*, 2016 ME 68, ¶ 2, 138 A.3d 1197.  Greif ordered a bicycle frame from Independent in June 2013 through Bar Harbor Bike Shop.  Independent had promised to build the frame to particular design specifications.  At some time after receipt of the bicycle frame, Greif determined that it failed to meet the promised specifications.  After several failed attempts to cure, Greif returned the product to Independent, seeking a refund of the purchase price.[1]

[¶3]  Greif filed a complaint for breach of warranty against Independent in December 2017.  Independent filed a motion to dismiss pursuant to M.R. Civ. P. 12(b), asserting, inter alia, that the action was barred by the applicable four-year statute of limitations.  *See* 11 M.R.S. § 2-725.  The court denied the motion, noting that the complaint did not reference any date from which the statute of limitations for a breach of warranty claim would begin to run.  Subsequently, Greif's deposition was taken.  In that deposition, Greif agreed that he first received the bicycle frame in November 2013. Independent

---

[1]  Greif's complaint references "several failed attempts to cure," but does not specify what those attempts were and by whom they were made.

filed a renewed motion to dismiss, appending Greif's deposition in its entirety. Greif objected to the court's use of the deposition in considering the motion to dismiss. He also argued that, for purposes of the applicable statute, the "tender" of the product did not actually occur until several months after the initial delivery, when Greif experienced difficulties with its design. 11 M.R.S. § 2-725(2). The court, relying upon Greif's testimony in the deposition, determined that the statute of limitations began to run on the date of the initial receipt of the product and granted the renewed motion to dismiss. Greif appealed from the judgment of dismissal. *See* 14 M.R.S. § 1901(1) (2018); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶4] Although the facts in this matter do not appear to be in dispute, the application of the law to facts outside of the pleadings is not allowed on a motion to dismiss, except in circumstances not applicable here, and for good reason. *See Lawson v. Willis*, 2019 ME 36, ¶ 7, 204 A.3d 133 (stating that the grant of a motion to dismiss is reviewed de novo for errors of law). The parties must be able to rely on the rules in order to present their case in a timely and efficient manner. "Under M.R. Civ. P. 12, the affirmative defense of the statute of limitations may be raised by a motion to dismiss if facts giving rise to this

4

defense appear on the face of the summons and complaint." *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 540 A.2d 1112, 1113 (Me. 1988). "[A] complaint will not be dismissed, pursuant to Rule 12(b)(6), as time-barred unless the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of the defense." *Francis v. Stinson*, 2000 ME 173, ¶ 56, 760 A.2d 209 (quotation marks omitted). Although the parties may stipulate to facts relevant to the court's consideration of a motion to dismiss, including facts outside of the pleadings, in the absence of the parties' clear agreement to present such stipulated facts, a court may not consider matters outside the pleadings on a motion to dismiss, except in limited circumstances not applicable here.[2] *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20,

---

[2] We have adopted a narrow exception to the general rule that only the facts alleged in the complaint may be considered on a motion to dismiss. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶¶ 8, 10, 843 A.2d 43. In *Moody*, we held that "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Id.* ¶ 11. That exception is not applicable here, however, where the matter considered by the court—the deposition—was not an official public document, was not referred to in Greif's complaint, and cannot be said to be a document that is central to Greif's claim. The exception allowing a court to consider documents central to the plaintiff's claim is itself narrowly construed. *See, e.g.*, *Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135-36 (1st Cir. 2017) (reasoning that the court properly considered a contract document when the contract formed the basis of the complaint); *Global Tower Assets, LLC v. Town of Rome*, 810 F.3d 77, 88-89 (1st Cir. 2016) (holding that the court did not err by considering an ordinance but not considering an affidavit from a paralegal); *Estate of Robbins v. Chebeague & Cumberland Land Trust*, 2017 ME 17, ¶ 2 & n.2, 154 A.3d 1185 (noting that the deed of the conservation easement at issue could be considered on a motion to dismiss); *Moody*, 2004 ME 20, ¶ 12, 843 A.2d 43 (concluding that the court properly considered a lottery ticket in a breach of contract case when the ticket contained the terms of the contract). The fact that Greif's testimony was captured in a deposition does not by itself make the deposition transcript a document that is central to his claim.

¶ 8, 843 A.2d 43 ("The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss . . . ."). If matters outside of the plaintiffs's complaint are presented to and not excluded by the court, the court must treat the motion as one for summary judgment. M.R. Civ. P. 12(b); *Acadia Res., Inc.*, 2017 ME 126, ¶ 6, 165 A.3d 365.

[¶5] Because the parties here neither stipulated to the relevant facts nor agreed to the use of the deposition for the court's consideration of the motion to dismiss, the court had two options. It could have excluded the deposition and decided the motion to dismiss based solely upon the contents of the complaint (which it had previously identified as factually insufficient on the issue of the statute of limitations), or it could have accepted and considered the contents of the deposition and disposed of the motion as provided in M.R. Civ. P. 56, *see* M.R. Civ. P. 12(b), allowing both parties an opportunity to augment the record on issues of actual factual dispute.

[¶6] Thus, the court's consideration of matters outside the pleadings—the deposition of Greif—in granting Independent's Rule 12(b) motion to dismiss constitutes error. Because the court considered Greif's deposition, "[t]he issue should have been considered as a motion for summary judgment

6

with a reasonable opportunity extended to all parties to present material made pertinent to such a motion by M.R. Civ. P. 56."[3] *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700-01 (Me. 1987); *see* M.R. Civ. P. 12(b). Accordingly, we must vacate the judgment of dismissal and remand for further proceedings.[4] *See Acadia Res., Inc.*, 2017 ME 126, ¶ 7, 165 A.3d 365.

The entry is:

> Judgment dismissing the complaint vacated.
> Remanded for further proceedings.

Arthur J. Greif, appellant pro se

Jonathan M. Flagg, Esq, Flagg Law, PLLC, Portsmouth, New Hampshire, for appellee Independent Fabrication, Inc.

Ellsworth District Court docket number CV-2017-151
FOR CLERK REFERENCE ONLY

---

[3] We note that Independent suggests that Greif appended an invoice to his complaint that shows the date of delivery of the bicycle manufactured by Independent. Such a document, if indeed appended to the complaint, could have been considered by the trial court, *see Me. Mun. Emps. Health Trust v. Maloney*, 2004 ME 51, ¶ 5, 846 A.2d 336; however, no invoice appears in the record before us.

[4] Independent's cross-appeal regarding the District Court's denial of its request for attorney fees and costs is dismissed as non-justiciable because there is no longer a final judgment. We decline Independent's request for imposition of attorney fees and costs related to this appeal.