STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
LOCATION: SOUTH PARIS
CIVIL ACTION
DOCKET NO. CV-2020-0070

LEWIS MERRILL                           )
                                        )
            PLAINTIFF                    )
                                        )
v.                                      )
                                        )        ORDER ON DEFENDANTS' JOINT
LIBBY MARTIN, LEE MERRILL and           )        MOTION FOR SUMMARY
CARROLL MERRILL                         )        JUDGMENT
                                        )
            DEFENDANTS                   )
                                        )

Before the court is Defendant Libby Martin ("Libby"), Defendant Lee Merrill ("Lee")

and Defendant Carroll Merrill's ("Carroll") (collectively "Defendants") joint Motion for

Summary Judgment. For the reasons set forth herein, the Motion is GRANTED.

**FACTUAL BACKGROUND**

On October 22, 2020, Plaintiff Lewis Merrill ("Lewis") filed a five count complaint in

Oxford County Superior Court, naming his sister Libby, his brother Lee, and his father Carroll as

Defendants. (Defendant's Statement of Material Facts ("Defs.' S.M.F.") ¶ 1.) Lewis' suit arises

out of a series of incidents, all preceding the entry of an order for protection from abuse entered

against him in the Rumford District Court on December 10th, 2013. (Defs.' S.M.F. ¶¶ 6, 12;

Defs.' Mot. S.J. Ex. 2.) Each of these incidents involve, in some respect, real property located at

207 Ridge Road in Peru, Maine ("Property"). (Defs.' S.M.F. ¶ 2.) Each count of the complaint

alleges the commission of a tort against Lewis by one, or all of the Defendants. (Compl. 4-13.)

In Count I of his complaint, Lewis alleges conversion of his personal property and of

certain improvements and fixtures he installed on the Property. (Compl. 4.) In Count II, he

alleges the Defendants have been unjustly enriched by his uncompensated improvements to the Property. (Compl. 7.) Count III alleges, alternative to his unjust enrichment claims, that he is entitled to compensation under a quantum meruit theory. (Compl. 8.) Count IV alleges that the Defendants have intentionally inflicted emotional distress upon him, Count V alleges fraud in dealings with regard to the Property, and Count VI alleges breach of contract claims for the Defendants failure to perform on both of the alleged agreements. (Compl. 9-13.)

The various torts alleged by Lewis stem from two purported agreements that the Plaintiff maintains he had with his father, Carroll. (*See* Defs.' S.M.F. ¶¶ 3, 11.) The first alleged agreement was for Lewis to make various improvements to the Property in return for some form of compensation. (Defs.' S.M.F. ¶ 3.) The Plaintiff claims he installed a stone wall, made improvements to the driveway, and installed a driveway gate on the Property with the understanding that he would either receive direct payment for his services or would receive a portion of the Property after Carroll's death. (Defs.' S.M.F. ¶ 4.) Also at issue here are various pieces of Lewis' personal property and the equipment that Lewis used to make these improvements, which he asserts are still located on the Property and have not been returned to him. (Defs.' S.M.F. ¶ 16.)

The second alleged agreement was also between Lewis and Carroll and supposedly involved the transfer of $15,000 in various installments from Lewis to Carroll in return for fifteen acres of land to be apportioned out of the Property. (Defs.' S.M.F. ¶ 11.) Between 2012 and 2013, the Plaintiff claims he transferred $15,000 to Carroll but alleges that he never received title to the fifteen acres. (Defs.' S.M.F. ¶¶ 12-13.)

The existence of these two agreements are hotly contested and the animosity among the parties over them led to an order for protection from abuse being obtained on December 10,

2013, against Lewis, for the benefit of Carroll, preventing Lewis from entering the Property. (Defs.' S.M.F. ¶ 18.) Subsequent attempts to enter the property by Lewis then resulted in various criminal proceedings. (Def.'s S.M.F. ¶ 19; Compl. 9.)

Responding to the complaint, the Defendants originally submitted one sentence denials to the court, *pro se*, but later secured representation and filed amended answers properly responding to the complaint's allegations and raising various affirmative defenses — including that the Plaintiff's claims are barred by the applicable statute of limitations. M.R. Civ. P. 8(c). On November 22, 2021, after a failed attempt at alternative dispute resolution, the Defendants filed a joint Motion for Summary Judgment. On December 3, 2021, the Plaintiff filed their response and on January 14th, 2022, the Defendants filed their reply. The Defendants' Summary Judgment Motion, now fully briefed, awaits this court's decision.

## PROCEDURAL BACKGROUND

Before reaching its analysis of the Motion, the court addresses the Plaintiff's claims that discovery was still incomplete at the Defendant filed summary judgment. Specifically, in his response to the Defendants' Motion, the Plaintiff notes that he has "received negligible responses and documents as part of his discovery requests." (Pl.'s Resp. Defs.' Mot. S.J. 1.) He also notes that he has been unable to depose Carroll — who apparently is in failing health — an important party to both of the alleged agreements. (Pl.'s Resp. Defs.' Mot. S.J. 1.) In a footnote, Plaintiff's counsel maintains that she would be "following up" with additional discovery requests to the Defendants' attorneys. (Pl.'s Resp. Defs.' Mot. S.J. 1 n.1.)

Pursuant to M.R.Civ.P. 56(f):

(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for

judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A party who seeks a continuance pursuant to Rule 56(f) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist," and must further "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *S. Portland Police Patrol Ass'n v. City of S. Portland*, 2006 ME 55, §12.

The status of Plaintiff's "follow up" requests remains unclear, but if, "after a good faith effort to resolve the outstanding discovery disputes," the Plaintiff still was unable to obtain the discovery he sought, he was free to file a written letter with this court describing the "nature of the dispute" and the "specific relief requested." M.R. Civ. P. 26(g)(1). Here, no such letter was filed with the court, and thus any discovery issues are not properly before it.

As described below, the court grants summary judgment based on the statute of limitations. There is nothing provided by affidavit that identifies what information may be obtained by further discovery that would be relevant to the statute of limitations issue. Therefore the court proceeds to decide the Defendants' summary judgment motion.

## STANDARD OF REVIEW

Summary judgment is warranted when a review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, establish that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Ogden v. Labonville*, 2020 ME 133, ¶ 10, 242 A.3d 177. A material fact has the potential to influence the outcome of the case; and a genuine issue of material fact exists if the factfinder must decide between competing versions of the truth. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87

A.3d 732. The record is assessed for sufficiency—not persuasiveness—such that a court can make a factual determination without speculating. *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## DISCUSSION

The Plaintiff's six count complaint alleges six causes of action that sound in tort. The Defendants' main argument in favor of Summary Judgment is that the applicable statute of limitations precludes all six causes of action brought by the Plaintiff. This court agrees. The summary judgment record raises no genuine dispute of material fact — each of Plaintiff's claims accrued prior to the December 10th, 2013 order for protection from abuse that precluded the Plaintiff from entering the property.

"All civil actions shall be commenced within six years after the cause of action accrues and not afterwards . . . " 17 M.R.S. § 752. Maine courts have applied this six year limitation to each cause of action brought by the Plaintiff. *See Bozuto v. Ouellette*, 408 A.2d 697, 699 (Me. 1979) (conversion); *Flannery v. Lajoie*, No. BCD-CV-11-34, 2012 Me. Bus. & Consumer LEXIS 20, at * 6 (Me. B.C.D. Mar. 08, 2012) (citing *Maine Municipal Employees Health Trust v. Maloney*, 2004 ME 51, 846 A.2d 336) (quantum meruit and unjust enrichment); *Henriksen v. Cameron*, 622 A.2d 1135, 1142-143 (Me. 1993) (intentional infliction of emotional distress); *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966) (fraud); *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 25, 200 A.3d 803, 809 (breach of contract).

Reviewing the Plaintiff's Statement of Material Facts, there is no genuine issue of material fact over whether the purported agreements between Lewis and Carroll and the alleged events which give rise to Lewis' specific allegations occurred prior to December 10th, 2013 — the date that an order for protection from abuse was entered against Lewis. The court agrees

that Paragraphs 43-46 of the Plaintiff's Affidavit do not generate an issue of material fact whether work was done on the property or personal property was left at any point after December 10, 2019. Utilizing this date as the marker for the running of the statutory limitations period, any claims brought against Libby, Lee or Carroll would have expired six years later, on December 10th, 2019.[1] The Plaintiff filed the instant complaint on October 22, 2020, nearly a year after the limitations period had expired.

In an attempt to negate the application of the six year statute of limitations period, the Plaintiff encourages this court to apply the continuing tort doctrine to his claims, tolling the statutory limitations period for each day that the alleged tortious conduct continued to cause him harm. However, the Law Court has said that the continuing tort doctrine does not apply when the cause of action is attributable to a single act or omission, or can be traced to a final act in a series of acts or omissions. *See Baker v. Farrand*, 2011 ME 91, ¶ 24, 26 A.3d 806; *Packgen, Inc., v. Bernstein Shur, Sawyer and Nelson*, 2019 ME 90, ¶¶ 29, 33, 35, 209 A.3d 116. Here, at the very latest, the record indicates that the latest traceable date for the statute of limitations applications is the last day on which the Plaintiff resided at the Property — December 10th, 2013.

The Plaintiff also argues that the existence of an order for protection against him somehow tolls the statutory limitation period for its two year duration. In support of his claims, the Plaintiff does not cite — and the court cannot find — any authoritative case law. The existence of a protection order against Lewis for the benefit of Carroll has no bearing on when the Plaintiff's causes of action accrued.

---

[1] Given the Plaintiff's admission that he has not lived at the Property since before the order for protection was entered, (*see* Defs' S.M.F. ¶¶ 6, 12; Pl.'s Resp. Defs.' S.M.F. ¶ ¶ 6, 12,) and the absence of any record evidence suggesting that tortious conduct occurred after this date, the court utilizes it as the date for the purposes of its analysis.

The Plaintiff had a cause of action against the Defendants on each count as of December 10. Therefore, the six year statute of limitations began to run at that time and expired before suit was brought.

## CONCLUSION

The Defendants' Motion for Summary Judgment is granted. The Plaintiff's claims are barred by the operation of 14 M.R.S. § 752.

**Entry is:**

Defendants' Joint Motion for Summary Judgment is GRANTED

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 1/31/22

Thomas R. McKeon
Justice, Maine Superior Court