STATE OF MAINE                                   SUPERIOR COURT
OXFORD, ss.                                      CIVIL ACTION
                                                 DOCKET NO. CV-23-019

BENJAMIN BROWN,                      )
                                     )
                 Plaintiff           )
                                     )
v.                                   )     ORDER ON DEFENDANT SUPERIOR
                                     )     INSULATION LLC'S PARTIAL
SUPERIOR INSULATION LLC, et al.,     )         MOTION TO DISMISS
                                     )
                 Defendants          )


Before the Court is Defendant Superior Insulation LLC's Partial Motion to Dismiss Counts

III and IV of Plaintiff Benjamin Brown's complaint against it. For the following reasons, the

motion is denied.

## FACTUAL ALLEGATIONS

In July of 2022, Plaintiff Benjamin Brown entered into an agreement with Defendant

Superior Insulation, LLC for the insulation of Brown's home in Woodstock, Maine (the

"Woodstock Home"). (Compl. ¶¶ 9-15.) The face of the contract reflects that it is between

Superior Insulation and Rocky Branch Builders but was signed by Benjamin Brown on behalf of

Rocky Branch Builders.[1] (Mot. to Dismiss Ex. A.)

Superior Insulation installed fiberglass and spray foam insulation at the Woodstock Home.

(*Id.* ¶¶ 16-18.) Brown subsequently notified Superior Insulation of multiple insulation defects, for

which Superior Insulation took responsibility. (*Id.* ¶¶ 19-20.) To correct the defects, Superior

Insulation hired Defendant Pro-Tech Contracting, LLC to perform demolition services. (*Id.* ¶¶ 21-

22.)

---

[1] Rocky Branch Builders is not a party to this action.

1

On April 25, 2023, Brown filed a 4-count complaint alleging breach of the implied warranty of workmanlike quality against Superior Insulation and Pro-Tech (Count I), breach of the implied warranty of merchantability against Superior Insulation (Count II), violation of 10 M.R.S. § 1482 against Superior Insulation (Count III), and violation of the Unfair Trade Practices Act against Superior Insulation (Count IV).[2] Superior Insulation now seeks dismissal of Counts III and IV of the complaint for failure to state a claim pursuant to Maine Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

"A motion to dismiss tests the legal sufficiency of the complaint, the material allegations of which must be taken as admitted." *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, ¶ 16, 209 A.3d 116 (citations and quotation marks omitted). When deciding a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), this Court reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217). "A dismissal is only proper when it appears beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim." *Id.* (alterations in original) (quoting *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43).

The Defendant attached two exhibits to its Motion to Dismiss, a proposal between the Defendant and Rocky Branch Builders signed by Brown (Exhibit A), and work orders (Exhibit B). Normally, the Court may only consider facts alleged in the complaint on a motion to dismiss. *Greif v. Indep. Fabrication, Inc.*, 2019 ME 142, ¶ 4 n.2, 215 A.3d 1289. There is a narrow exception,

---

[2] The Plaintiff's Unfair Trade Practices Claim (Count IV) against Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus was dismissed by Order dated July 28, 2023.

however. *Id.* "[O]fficial public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody*, 2004 ME 20, ¶ 11, 843 A.2d 43. In such case, the attached documents merge into the pleadings. *Id.* ¶ 10. "The purpose for this exception is that if courts could not consider these documents, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Although it is only labelled a "Proposal," both parties treat Exhibit A as the operative contract and neither party disputes its authenticity. As this document is central to the Plaintiff's claims against the Defendant, it is properly considered by the Court without converting the Defendant's motion to dismiss to a motion for summary judgment. *Id.* ¶ 12. Similarly, the Plaintiff has not objected to or contested the authenticity of the work orders attached as Exhibit B. The Court may therefore also consider Exhibit B in analyzing the Defendant's Motion to Dismiss.

## DISCUSSION

### A. Residential Insulation Contract Statute (Count III)

Superior Insulation moves this Court to dismiss Plaintiff's claim for violation of the Residential Insulation Contract Statute, 10 M.R.S. § 1482, for failure to state a claim upon which relief may be granted. *See* M.R. Civ. P. 12(b)(6). Section 1482 provides that "[n]o person shall install insulation in any existing residence for compensation without providing the owner or lessee

3

in advance with a written contract" that "clearly and conspicuously" discloses certain provisions required by the statute.[3] 10 M.R.S. § 1482. The statute further provides:

> Any person who fails to provide the owner or tenant with an insulation contract, containing at least the minimum information required by section 1482, prior to this installation of insulation into an existing residence shall be deemed to have committed a civil violation for which a forfeiture of not less than $200 for the first offense and not less than $500 for each subsequent offense shall be adjudged. In addition to the civil penalty provided in this section, any violation of this chapter shall constitute a violation of the Unfair Trade Practices act in Title 5, chapter 10.

*Id.* § 1483.

The Defendant first argues that Section 1482 is inapplicable because it only applies to situations in which the insulation contractor has contracted directly with the owner or occupier of the residence and the relevant contract here was between Superior Insulation and Rocky Branch Builders. The language of Section 1482 does not support the Defendant's interpretation; rather, the plain language of Section 1482 places the onus upon the contractor to "provid[e]"[4] the owner or lessee of the residence with a contract that meets the requirements of the statute. It does not limit application to contracts directly between the contractor and the owner or occupier.

The Defendant next argues that Section 1482 is inapplicable because the Plaintiff was not an "active occupant" of the residence. (Mot. to Dismiss at 4.) The language of the statute does not support this interpretation, either. Section 1482 does not limit its application to "active occupants." In fact, that term is not found anywhere in the statute. Instead, Section 1482 requires

---

[3] "'Person' means an individual, a copartnership, corporation or any other legal entity." 10 M.R.S. § 1481(2). The term "residence" is defined as "any existing dwelling structure with 3 or less living units whether leased or owner occupied." *Id.* § 1481(3). The statute makes expressly clear that "buildings used for commercial or business purposes shall not be subject to the provisions of this chapter." *Id.* § 1481(3).

[4] The term "provide" is defined as "to make available; supply; afford." *Provide*, WEBSTER'S NEW WORLD DICTIONARY (2d College ed. 1980).

4

the contractor to provide the "owner or lessee" with a contract, without reference to whether the individual actively resides at the residence.

Finally, the Defendant argues that Section 1482 is inapplicable because "when Superior viewed the [Woodstock Home] on the property, it did not appear to be a remodel of an existing residence but rather, an entirely new construction of a home." (Mot. to Dismiss at 4.) This argument improperly requests the Court to credit the "facts" stated in the Defendant's brief. The facts as set forth in the Complaint, taken in the light most favorable to the Plaintiff, sufficiently allege that the Woodstock Home was an existing dwelling structure, and therefore a "residence" within the meaning of 10 M.R.S. § 1481(3). (Compl. ¶¶ 9-13.)

In light of the foregoing, the Defendant's Motion to Dismiss Count III is denied.

## B. Unfair Trade Practices Act (Counts III and IV)

Superior Insulation seeks dismissal of Counts III and IV on the grounds that the insulation contract at issue was between two business entities and was not a consumer transaction as required to maintain a private right of action under the Unfair Trade Practices Act ("UTPA"), 5 M.R.S. § 213. Brown contends that the argument is inappropriately premised upon a factual dispute and that the language of the UTPA does not support the Defendant's position.

A party may maintain a private right of action under the UTPA pursuant to Section 213, which provides, in relevant part:

> **1. Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 . . . may bring an action . . . for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.

5

5 M.R.S. § 213(1).[5]

Superior Insulation argues that the Plaintiff cannot maintain his cause of action under the UTPA because the insulation contract was between two entities, Superior Insulation and Rocky Branch Builders. It is accurate that the contract, on its face, is between Superior Insulation and Rocky Branch Builders.[6] (Mot. to Dismiss Ex. A.) The Complaint alleges that the "Plaintiff [Brown] entered into an agreement with Defendant for the Defendant to insulate the Woodstock home," however. (Compl. ¶ 15.) It is unclear to the Court who is the appropriate plaintiff: Brown or Rocky Branch Builders. There is certainly a facial conflict between the allegations in the Complaint that assert that Brown entered into a contract with Superior Insulation and the contract attached to the Motion to Dismiss, which reflects that the contract is between Superior Insulation and Rocky Branch Builders. Such a factual dispute cannot be resolved on a motion to dismiss.

Accordingly, the Defendant's motion to dismiss Count IV is denied.

## C. Attorney's Fees and Costs

The final argument asserted by the Defendant is that the Plaintiff is not entitled to attorney's fees or costs because he failed to "file"[7] a written demand for relief at least 30 days prior to filing

---

[5] Section 207 declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 207. To be unfair, the act or practice "(1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition." *State v. Weinschenk,* 2005 ME 28, ¶ 16, 868 A.2d 200. A deceptive act or practice is "a material representation, omission, act or practice that is likely to mislead consumers acting reasonably under the circumstances." *Id.* ¶ 17.

[6] There is an absence of evidence as to the status of Rocky Branch Builders. The Court has no idea whether it is a sole proprietorship, limited liability company, partnership, or business corporation. Even if Rocky Branch Builders is a business entity, that fact, alone, does not prevent the Plaintiff (an individual) from maintaining an action pursuant to the UTPA. Any "person" may maintain an action for damages under the UTPA so long as he purchased the services "primarily for personal, family or household purposes." 5 M.R.S. § 213(1). "Person" includes "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." *Id.* § 206(2).

[7] The Court notes that there is no requirement that a plaintiff "file" a demand for relief. Rather, a plaintiff is required to mail or deliver to a prospective defendant a written demand for relief. 5 M.R.S. § 213(1-A).

the pending lawsuit. The Court declines to consider this argument as it requires the Court to speculate as to the existence or nonexistence of certain facts and make a credibility determination about those facts asserted in the Defendant's motion and the Plaintiff's opposing memorandum.

The entry is:

Defendant Superior Insulation LLC's Partial Motion to Dismiss is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on Defendant Superior Insulation LLC's Motion to Dismiss on the civil docket by a notation incorporating it by reference.

Date:   September 21, 2023

_____
Jennifer A. Archer
Justice, Maine Superior Court



# HASTINGS LAW OFFICE, P.A.

———— Est. 1847 | Serving Maine and New Hampshire ————

DAVID R. HASTINGS, III
ANDREW P. PIERCE
JASON B. DENNIS
JONATHAN G. BURK

DAVID R. HASTINGS 1847-1896
EDWARD E. HASTINGS 1879-1939
HUGH W. HASTINGS 1914-1967
DAVID R. HASTINGS II 1949-2010
PETER G. HASTINGS 1961-2022

August 11, 2023

Oxford County Superior Court
Attn: Michelle Racine, Clerk
P.O. Box 179
South Paris, ME 04281-0179

> **Re:** **Benjamin Brown v. Superior Insulation, LLC; Thomas A. Dube Construction-Plus, Inc. D/B/A Dube Plus; and Pro-Tech Contracting, LLC**
> **Docket No.: CV-2023-00019**

Dear Clerk Racine:

Enclosed for filing, please find Plaintiff's Objection to Defendant Superior Insulation LLC's Partial Motion to Dismiss with Incorporated Memo of Law.

Should the Court have any questions or need anything further, please do not hesitate to contact our office.

Sincerely,

Jason B. Dennis

Encl.

Cc: Client
Christopher D. Hawkins, Esq.
Tierney M. Chadwick, Esq.
Pro-Tech Contracting, LLC

SUPSC/DC/OXFCD
AUG 14 '23 PM3:10

# WADLEIGH, STARR & PETERS, P.L.L.C.

WILLIAM C. TUCKER
MARC R. SCHEER
GREGORY G. PETERS
FRANK P. SPINELLA, Jr.
DEAN B. EGGERT
MICHAEL R. MORTIMER
KATHLEEN C. PEAHL
RICHARD THORNER
CHARLES F. CLEARY
CHRISTINE GORDON
TODD J. HATHAWAY
ALISON M. MINUTELLI
MICHAEL J. TIERNEY
DONNA J. BROWN
ROBIN D. MELONE

**Attorneys At Law**
95 Market Street
Manchester, New Hampshire 03101
Telephone (603) 669-4140
Facsimile (603) 669-6018

WWW.WADLEIGHLAW.COM

*Serving New Hampshire since 1899*

CRAIG S. DONAIS
ALYSIA M. CASSOTIS
CHRISTOPHER P. MCGOWN
*TIERNEY M. CHADWICK
STEPHEN N. ZAHARIAS
ABBY TUCKER
ALLISON M. TAMPOSI
STEPHEN M. BENNETT, Of Counsel
ELIZABETH E. EWING
JEFFREY D. ODLAND
WILLIAM P. REDDINGTON
MICHAEL G. EATON
GRETCHEN M. WADE
AUTUMN H. KISH
CATHERINE C. BOUSQUET
EMILY E. PETERSON

* Also admitted in MA, RI, and ME

Direct Dial: (603) 206-7219
tchadwick@wadleighlaw.com

August 2, 2023

Michelle Racine, Clerk
Oxford County Superior Court
P. O. Box 179
South Paris, ME   04281

> Re:   Docket No. CV-2023-00019
>       Benjamin Brown v. Superior Insulation, LLC, Thomas A. Dube
>       Construction-Plus, Inc., d/b/a Dube Plus, and Pro-Tech
>       Contracting, LLC

Dear Clerk Racine:

Enclosed please find the following documents for filing on behalf of Superior Insulation, LLC, in the above-referenced matter:

1.     Defendant Superior Insulation, LLC's Partial Answer to Plaintiff's Complaint and Brief Statement of Affirmative Defenses.

2.     Defendant Superior Insulation, LLC's Partial Moton to Dismiss Plaintiff's Complaint with Incorporated Memorandum of Law.

Thank you.

Very truly yours,

Tierney M. Chadwick

TMC/whd
Enclosures
cc:    Jason B. Dennis, Esquire
       Christopher D. Hawkins, Esquire
       Pro-Tech Contracting, LLC

